[No. .29434-2-I.   Division One.   May 17, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVEN McCLAM, *Appellant.*

*Lisa Dworkin* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Tod J. Bergstrom, Deputy,* for respondent.

KENNEDY, J. — Steven McClam appeals his conviction of possession of a controlled substance with intent to deliver. He claims, *inter alia,* that his conviction must be reversed because of the trial court's failure to give a lesser included offense instruction.[1] Finding that the trial court erred in failing to give the requested lesser included offense instruction, we reverse.

## FACTS

On June 17, 1991, Officer James L. Cooper, a member of the Seattle Police Department, was involved in a "drug sting" operation in the 1700 block of Summit Avenue in Seattle. At 10:30 p.m., Officer Cooper observed what he believed to be a narcotics transaction. He had observed a man on the street wearing a blue jacket whom he believed was trying to purchase narcotics. He watched several people approach the man in the blue jacket and then shake their heads "no". Cooper then saw the appellant and another person, later identified as Steven Thomas, standing across the street from the man in the blue jacket.

At trial, Cooper stated that the appellant and Thomas crossed the street toward the man in the blue jacket, and that while they were crossing the street, the appellant removed a green and white cigarette pack out of his pocket and handed it to Thomas. Cooper later testified that he saw a cellophane wrapper around the cigarette pack.

Cooper testified that, after about 45 seconds, the appellant turned to Thomas and Thomas handed him several

---

[1]The appellant's remaining contentions are treated in the unpublished portion of this opinion.

white, rock-type objects from the cigarette pack. Cooper again noted the cellophane cover on the pack. Cooper testified that he believed that the substance was rock cocaine. Cooper observed the man in the blue jacket take one of the rocks from the appellant and then hand the appellant some green currency.

Cooper testified that the appellant put the remaining rocks back in the package and began walking away. Cooper testified that the man in the blue jacket then yelled out to the appellant that he did not think that he had been given real drugs, to which appellant responded, "[I]f you don't like the quality go buy in the CD."[2]

Officer Cooper contacted an arrest team to apprehend the appellant and his companion. Officer Byers responded to Officer Cooper's request. Officer Byers made visual contact with the appellant within 20 seconds of Officer Cooper's call, and subsequently arrested him. Officer Byers searched the appellant, but found no cocaine. Officer Byers did find a cigarette pack that was missing its cellophane wrapper. Appellant was transported to the precinct in the back of Officer Byers' squad car.

Upon returning to the precinct, Byers searched the squad car and found a cellophane wrapper containing white rocks, one of which was later identified as rock cocaine. The man in the blue jacket was not apprehended.

On June 20, 1991, appellant was charged by information with violation of the Uniform Controlled Substances Act, possession with intent to deliver, in violation of RCW 69.50-.401(a)(1)(i).

Appellant also testified at trial. He testified that on the night in question, he and his friend Steve Thomas encountered another friend (the man in the blue jacket) on the street. Appellant testified that he gave his friend a cigarette and that his friend gave him a dollar that he owed him. Appellant testified that, thereafter, he was arrested, searched, handcuffed

---

[2]"CD" apparently refers to the Central District of Seattle.

and taken to the precinct office. He claimed that he did not have narcotics on him the day of the arrest.[3]

Defense counsel requested that a lesser included offense instruction for possession of a controlled substance be given, but the State argued against it, claiming that the appellant's testimony precluded him from claiming that he merely possessed the cocaine. The trial court declined to give the lesser included offense instruction.

The jury found the appellant guilty as charged. This appeal followed.

## DISCUSSION

Appellant contends that reversal is required in this case because the court failed to give a lesser included offense instruction that he requested.

In *State v. Speece*, 115 Wn.2d 360, 798 P.2d 294 (1990), the Supreme Court set out the test to determine whether a jury should be given an instruction on a lesser included offense. Under that test, a defendant is entitled to a lesser included offense instruction if (1) each element of the lesser offense is a necessary element of the offense charged, and (2) the evidence in the case supports an inference that the lesser crime was committed. *Speece*, 115 Wn.2d at 362. The court in *Speece* specifically warned that such an inference does not exist simply because the jury may not believe the State's evidence; there must be some affirmative evidence from which the jury could conclude that the defendant committed the lesser included crime. *State v. Fowler*, 114 Wn.2d 59, 67, 785 P.2d 808 (1990).

Affirmative evidence supporting the lesser included instruction was presented here. The State presented evidence that the alleged buyer, the man in the blue jacket, believed the material sold to him was "bunk". This evidence, if believed by a trier of fact, could lead to a reasonable inference that the appellant deliberately may have sold "bunk", and merely possessed the cocaine which was discovered in the

---

[3]Appellant also testified that he had three previous felony convictions for which he spent a total of 21 months in jail.

police car, intending to keep the real thing for his own personal use.

■ The State contends that, even if the remark of the man in the blue jacket could be characterized as affirmative evidence requiring an instruction, defendant's testimony that he did not even *possess* cocaine precludes the giving of such an instruction. We disagree.

Although there must be affirmative evidence from which a jury could find the facts of the lesser included offense as distinct from the charged offense, there is no requirement in the case law that the evidence must come from the defendant or that the defendant's testimony cannot contradict this evidence. Generally, the only situation in which the presentation of an inconsistent defense precludes the giving of a lesser included instruction is in the situation of entrapment. *See, e.g., State v. Galisia*, 63 Wn. App. 833, 822 P.2d 303, *review denied*, 119 Wn.2d 1003 (1992); *State v. Matson*, 22 Wn. App. 114, 121, 587 P.2d 540 (1978) ("[A]n instruction on entrapment is proper only where the defendant has admitted that the crime took place."). As is stated in 21 Am. Jur. 2d *Criminal Law* § 191 (1981):

> Generally, inconsistent defenses may be interposed in a criminal case. The defenses of insanity and self-defense are inconsistent within the purview of this rule. Likewise, a defendant may raise the alternative defenses of intoxication and noninvolvement in the offense. *On the other hand, although there is contrary authority, it has been held that a defendant who denies the offense cannot raise the defense of entrapment, since the invocation of that defense necessarily assumes that he committed the acts charged.*

(Footnotes omitted. Italics ours.)

In *State v. Wilson*, 41 Wn. App. 397, 399, 704 P.2d 1217, *review denied*, 105 Wn.2d 1003 (1985), Division Three of this court held that by merely presenting evidence that a defendant was guilty of possession with intent to deliver, the State has presented sufficient evidence for an instruction on the lesser included offense of possession, even where the defendant denied any possession. The breadth of this holding was questioned by Division One in the case of *State v. Rodriguez*,

48 Wn. App. 815, 819, 740 P.2d 904, *review denied*, 109 Wn.2d 1016 (1987), in which this court held that not only must there be evidence of the lesser included crime but also there must be evidence that *only* the lesser included crime occurred. That is, a lesser included offense instruction is not to be given simply because the jury could disbelieve one prong of the State's evidence. Although *Wilson* was eventually disapproved of in *Speece*, it was not criticized for allowing the lesser included offense instruction in the face of an inconsistent defense, but only for allowing it when there was *no* evidence that would indicate that only simple possession occurred.

Interpreting *Speece* to mean that an inconsistent defense does not automatically preclude a lesser included offense instruction is consistent with many cases from other jurisdictions holding that there must be a lesser included offense instruction if there is *any* evidence supporting an inference that only the lesser offense was committed, even in the face of a general denial by the defendant. *See, e.g., People v. Valdez*, ___ Ill. App. 3d ___, 595 N.E.2d 1245, 1252 (1992) (A jury must be instructed on the lesser included offense of possession "even where a defendant's theory of defense is inconsistent with the possibility that he is guilty of the lesser included offense.").

The fact that the appellant gave an inconsistent defense goes to the weight of, but does not entirely negate, the affirmative evidence which requires the instruction in the first place.[4] We reverse the judgment and remand for retrial.

A majority of this panel having determined that only the foregoing portion of this opinion will be printed in the Wash-

[4] A contrary ruling would necessarily assume that a defendant who denies the commission of the offense of which he is charged, but who nevertheless seeks a lesser included offense instruction which is supported by other affirmative evidence, must be lying when he or she denies committing any offense at all. A defendant's credibility is a question for the trier of fact and not for the trial or appellate court.

ington Appellate Reports and the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

WEBSTER, C.J., and FORREST, J., concur.

Review denied at 122 Wn.2d 1021 (1993).