[No. 22069-5-II.  Division Two.  January 29, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. ROILAND FERNANDEZ-MEDINA, *Appellant*.

---

*Mary Katherine Young High*, for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney*, and *Michael L. Sommerfeld, Deputy*, for respondent.

HOUGHTON, J. — Roiland Fernandez-Medina (Fernandez) appeals a first degree assault conviction, arguing that the trial court erred by refusing his proposed instructions on the lesser included offense of second degree assault. We affirm.

## FACTS

On September 29, 1996, Fernandez got into an argument

with his girl friend, Ann Carpenter, with whom he was living. Fernandez pushed Carpenter and threatened to kill her. Friends of Carpenter's, including Dorothy Perkins, intervened. Carpenter told Fernandez to gather his things and leave her apartment.

Carpenter and Perkins went a short distance to another apartment, which was occupied by Keith Clark and his friend, Wayne Butler. Meanwhile, Fernandez had returned and parked his car. He knocked on the door of Clark's apartment. When Butler cracked open the door and told Fernandez to leave, Fernandez kicked the door aside and shot Butler, then entered the apartment and shot him again.

Carpenter ran to the bathroom when she heard the shots. Fernandez chased her, firing once but missing. He turned next toward Perkins, who was cowering near the living room couch. With Carpenter watching from the bathroom door, Fernandez pointed a gun at Perkins from a distance of two feet and seemed to pull the trigger. Perkins had closed her eyes, but she heard the gun make a "clicking sound." The gun did not fire, however. Fernandez then left the apartment.

The State charged Fernandez with the attempted murder of Butler and Perkins, and in the alternative, with first degree assault upon them both.

The police recovered four spent .380 shell casings from the apartment. Fernandez called an expert witness to demonstrate to the jury that many manufacturers produce guns that can fire a .380 bullet, and many such guns can produce a "clicking sound" without a trigger pull. But in his own testimony Fernandez presented an alibi defense, saying that after Carpenter ordered him out and he removed his belongings from her apartment, he went to a friend's house in Tillicum and slept. The next morning, he went to Seattle to look for a job. He denied having fired a gun at anybody at Clark's apartment. In other words, he was not the person who shot Butler and pointed a gun at Perkins, because he was not there. The jury did not believe him and convicted him of both assaults.

Fernandez appeals the conviction for assaulting Perkins (but does not appeal the conviction for assaulting Butler). With respect to the Perkins charge, Fernandez proposed lesser included offense instructions on second degree assault. He took exception to the trial court's refusal to give those instructions. On appeal, he revisits the instructional issue, arguing that he was entitled to an instruction on second degree assault because he presented evidence that it, rather than first degree assault, was committed.

## ANALYSIS

In *Herring v. Department of Social & Health Services*, 81 Wn. App. 1, 22-23, 914 P.2d 67 (1996), we summarized the law concerning the giving of jury instructions:

> We review the trial court's jury instructions under the abuse of discretion standard. A trial court does not abuse its discretion in instructing the jury, if the instructions: (1) permit each party to argue its theory of the case; (2) are not misleading; and (3) when read as a whole, properly inform the trier of fact of the applicable law.

(Citations omitted.) The trial court has similar discretion whether to use a party's proposed instruction. *Erickson v. Kerr*, 69 Wn. App. 891, 905, 851 P.2d 703 (1993), *modified on other grounds*, 125 Wn.2d 183 (1994). A criminal defendant is entitled to jury instructions that accurately state the law, permit him to argue his theory of the case, and are supported by the evidence. *State v. Staley*, 123 Wn.2d 794, 803, 872 P.2d 502 (1994).

The last point, that the evidence must support the proposed instruction, is what defeats Fernandez on appeal. A defendant is entitled to an instruction on a lesser included offense if (1) each element of the lesser crime is a necessary element of the charged crime, and (2) the evidence supports an inference that the lesser crime—and *only* the lesser crime—was committed. *State v. Hurchalla*, 75 Wn. App. 417, 421-23, 877 P.2d 1293 (1994). As to this second prong, there must be some affirmative evidence

from which the jury could conclude that the defendant committed the lesser included crime. *State v. Fowler*, 114 Wn.2d 59, 67, 785 P.2d 808 (1990). The defense of alibi, which denies that the defendant committed the crime, is a complete defense to the charge. *See State v. Riker*, 123 Wn.2d 351, 367, 869 P.2d 43 (1994). If the jury believed Fernandez's alibi defense, it would have had to find him not guilty of *any* offense because he simply was not present to fire the shots. Therefore, the trial court correctly refused his proposed instruction on second degree assault "because a complete defense negates the required inference that only the lesser included offense was committed." *Hurchalla*, 75 Wn. App. at 424. *Accord State v. McJimpson*, 79 Wn. App. 164, 175, 901 P.2d 354 (1995), *review denied*, 129 Wn.2d 1013 (1996).

Both *Hurchalla* and *McJimpson* are Division One cases. Fernandez relies on an earlier Division One case, *State v. McClam*, 69 Wn. App. 885, 850 P.2d 1377, *review denied*, 122 Wn.2d 1021 (1993), which held that a defendant charged with possession of a controlled substance with intent to deliver was entitled to a lesser included instruction on simple possession. McClam was so entitled because there was affirmative evidence supporting the lesser included instruction, i.e., testimony that he might have sold bogus cocaine to a buyer and kept the real thing for personal use. *McClam*, 69 Wn. App. at 888-89. Because McClam's defense was that he did not even *possess* cocaine, the State argued that this inconsistent defense precluded the giving of a lesser included instruction. *Id.* at 889. But the *McClam* court held that "there must be a lesser included offense instruction if there is *any* evidence supporting an inference that only the lesser offense was committed, even in the face of a general denial by the defendant"; and the inconsistent defense simply goes to the weight of the affirmative evidence that requires the instruction in the first place. *Id.* at 890.

We decline to follow *McClam*, for three reasons. First, it differs factually from *Hurchalla* and *McJimpson* in that

the defendants in those cases raised the complete defense of self-defense, like the complete defense of alibi here, and unlike the general denial raised in *McClam*. Second, *McClam* is not persuasive in light of its departure from the traditional rule that when a defendant simply makes a general denial of guilt, requiring the jury to find him either guilty or not guilty, he is not entitled to an instruction on a lesser included offense—because the evidence does not support it. *State v. Snider*, 70 Wn.2d 326, 422 P.2d 816 (1967). Third, and in any event, we believe that the decisions in *Hurchalla* and *McJimpson*, to the extent they conflict with the prior decision in *McClam*, have implicitly overruled it.

The trial court did not err by refusing a lesser included offense instruction on second degree assault where the defendant raised an alibi defense to first degree assault. Affirmed.

BRIDGEWATER, C.J., and SEINFELD, J., concur.

Review granted at 137 Wn.2d 1032 (1999).