6 P.3d 1150 (2000)
141 Wash.2d 448
STATE of Washington, Respondent,
v.
Roiland FERNANDEZ-MEDINA, Petitioner.
No. 67736-1.
Supreme Court of Washington, En Banc.
Argued December 9, 1999.
Decided August 24, 2000.
*1151 Mary High, Tacoma, for Petitioner.
John Ladenburg, Pierce County Prosecutor, Barbara Corey-Boulet, Deputy, Michael Sommerfeld, Deputy, Tacoma, for Respondent.
ALEXANDER, J.
This appeal presents the question of whether the trial court erred in declining to instruct the jury that second degree assault is an inferior degree offense to the offense with which the defendant was charged, first degree assault. We reverse the Court of Appeals' decision affirming the trial court's refusal to give the inferior degree offense instruction, concluding that the defendant was entitled to the instruction because there was evidence in the record which raised an inference that Fernandez-Medina only committed second degree assault, rather than the charged offense of first degree assault.

I.
On September 28, 1996, Roiland Fernandez-Medina had a falling out with Ann Carpenter, his girl friend of several weeks. As a consequence, Carpenter told Fernandez-Medina to remove himself and his belongings from the apartment they shared. Fernandez-Medina complied with her request. Later that evening, Carpenter left her apartment to visit another acquaintance. Upon returning home, she became concerned when she saw a car that Fernandez-Medina had been known to drive parked outside her apartment. She then went to the neighboring apartment of Keith Clark and engaged in conversation there with her friends, Dorothy Perkins and Wayne Butler, about what she had just observed.
*1152 Shortly thereafter, someone knocked on the door of Clark's apartment. Butler went to a window and observed that two men were standing just outside the door of the apartment. He then opened the door slightly, whereupon one of the men, later identified as Roiland Fernandez-Medina, pushed the door completely open and began firing a handgun into the apartment. Butler was struck by at least two bullets, one of which severed his spinal cord. Carpenter's response was to run into the adjacent bathroom as Fernandez-Medina strode into the apartment, firing his weapon at her.[1]
Perkins also tried to run away from the shooting but as she did so, she stumbled and fell down. After Fernandez-Medina had fired approximately five shots from the handgun, his companion said something to him that was not understood by anyone else in the apartment. Fernandez-Medina then walked toward the front door. As he did so, he passed very close to Perkins, who was still lying in a prone position on the floor. According to Perkins, Fernandez-Medina paused and pointed his gun at her head. Perkins said that she closed her eyes and then heard "[a] clicking sound." Verbatim Report of Proceedings (VRP) at 411. None of the witnesses claimed that they saw Fernandez-Medina pull the trigger of the handgun at that point. Carpenter, who was peering out from behind the bathroom door, could see Fernandez-Medina, but her view of his handgun and Perkins was blocked. Carpenter said that she heard a "click, the sound of a gun" but indicated that "no bullet had come out" as Fernandez-Medina paused and pointed his gun at Perkins as he "ran slowly" out of the apartment. VRP at 157.
For the shooting of Butler and the alleged attempted shooting of Perkins, the Pierce County prosecutor charged Fernandez-Medina with two counts of attempted first degree murder and, alternatively, with two counts of first degree assault. At trial, Butler, Perkins, and Carpenter gave testimony that was consistent with the above factual recitation. Fernandez-Medina also testified but denied having been present at the apartment where the shooting took place. He claimed that he had spent that night at the home of a friend.
The defense presented testimony of an expert witness who indicated that various noises can emanate from the type of handgun allegedly used by Fernandez-Medina, even when the trigger is not pulled. In support of this testimony, the witness manipulated various models of .380 handguns,[2] in the presence of the jury, in order to demonstrate the various sounds such weapons can emit. The State's forensic expert also testified that such a handgun can make various "clicks," even when the trigger is not pulled. See, e.g. Verbatim Report of Proceedings at 316.
At the close of the presentation of evidence, Fernandez-Medina requested a jury instruction on second degree assault as an inferior degree offense to the first degree assault charges. The trial court declined to give his requested instruction and, instead, instructed only on attempted murder and, as an alternative, first degree assault. The jury found Fernandez-Medina guilty of two counts of first degree assault. He appealed to the Court of Appeals, Division Two, assigning error only to the trial court's failure to give his proposed second degree assault instruction on count II, in which it was alleged that he assaulted Perkins. The State responded that because Fernandez-Medina presented an alibi defense, he was not entitled to an instruction on an inferior degree offense. The State also claimed that the evidence was insufficient to support the giving of the proposed instruction.
The Court of Appeals affirmed Fernandez-Medina's conviction, holding that the trial court properly refused to instruct the jury on second degree assault, on the basis that the alibi defense that Fernandez-Medina presented negated an inference that only the lesser included offense had been committed. State v. Fernandez-Medina, 94 Wash.App. 263, 267, 971 P.2d 521, review granted, 137 Wash.2d 1032, 980 P.2d 1285 (1999). We *1153 thereafter granted Fernandez-Medina's petition for review.

II.
Fernandez-Medina contends here, as he did at the Court of Appeals, that the trial court erred in refusing to instruct the jury that assault in the second degree is an inferior degree offense of first degree assault as charged in count II of the information. Fernandez-Medina asserts that because he wished to present a theory to the jury that he committed only the inferior degree offense of second degree assault, it was error for the trial court not to give his requested instruction. This argument, he suggests, is consistent with the view that "[i]f any one of the theories argued by [a] defendant [is] supported by substantial evidence, it should [be] submitted to the jury." State v. Griffith, 91 Wash.2d 572, 574-75, 589 P.2d 799 (1979). The State responds that because Fernandez-Medina presented an alibi theory, "which is a complete defense to the crime charged and the lesser degree offense," the evidence supporting the requested instruction on the inferior degree offense is negated. Resp't's Br. at 17. The trial court's refusal to instruct the jury on second degree assault, the State opines, was, therefore, not error.
It is an "ancient doctrine" that a criminal defendant may be held to answer for only those offenses contained in the indictment or information. Schmuck v. United States, 489 U.S. 705, 717-18, 109 S.Ct. 1443, 103 L.Ed.2d 734, reh'g denied, 490 U.S. 1076, 109 S.Ct. 2091, 104 L.Ed.2d 654 (1989); see also State v. Irizarry, 111 Wash.2d 591, 592, 763 P.2d 432 (1988). Consistent with that notion, Washington Const. art. I, § 22 preserves a defendant's "right to be informed of the charges against him and to be tried only for offenses charged." State v. Peterson, 133 Wash.2d 885, 889, 948 P.2d 381 (1997). However, under RCW 10.61.003, a defendant can be found guilty of a crime that is an inferior degree of the crime charged. Similarly, under RCW 10.61.006, a defendant can be convicted of an offense that is a lesser included offense of the crime charged, without being separately charged.[3] In some situations, the defendant is implicitly charged with the elements of the lesser or inferior offense when he is charged with the greater offense. See State v. Berlin, 133 Wash.2d 541, 545, 947 P.2d 700 (1997).
We recently held that an instruction on an inferior degree offense is properly administered when:
"(1) the statutes for both the charged offense and the proposed inferior degree offense `proscribe but one offense'; (2) the information charges an offense that is divided into degrees, and the proposed offense is an inferior degree of the charged offense; and (3) there is evidence that the defendant committed only the inferior offense."
Peterson, 133 Wash.2d at 891, 948 P.2d 381 (quoting State v. Foster, 91 Wash.2d 466, 472, 589 P.2d 789 (1979) and State v. Daniels, 56 Wash.App. 646, 651, 784 P.2d 579 (1990)). An instruction on the close relative of an inferior degree offense, a lesser included offense, is warranted when two conditions are met: "[f]irst, each of the elements of the lesser offense must be a necessary element of the offense charged[, and] [s]econd, the evidence in the case must support an inference that the lesser crime was committed." State v. Workman, 90 Wash.2d 443, 447-48, 584 P.2d 382 (1978) (citations omitted).
In determining that Fernandez-Medina was not entitled to the requested instruction on second degree assault, the trial court and the Court of Appeals both failed to observe that under our case law the analysis that the trial court engages in when considering a request for an instruction on an inferior degree offense differs from the analysis it *1154 engages in when considering a request for a lesser included offense instruction. Indeed, many courts have failed to observe the distinction, and, as we have said, "[t]his confusion of terms is unfortunate because it blurs the difference between the two" types of included offenses. State v. Tamalini, 134 Wash.2d 725, 732, 953 P.2d 450 (1998).
The failure to note the distinction between lesser included and inferior degree offense instructions is not, however, significant in this case. This is so because the test for determining if a party is entitled to an instruction on an inferior degree offense differs from the test for entitlement to an instruction on a lesser included offense only with respect to the legal component of the test. Here, Fernandez-Medina and the State each concede that the legal component of the test is satisfied. Resp't's Br. at 16 ("the legal prong is satisfied"); Pet. for Review at 6 ("Every degree of assault is a lesser included offense of all higher degrees of assault.") (citing State v. Foster, 91 Wash.2d 466, 472, 589 P.2d 789 (1979)).
Our focus, then, is strictly on the factual component of the test that is set forth in the Peterson and Workman cases. The purpose of this test is to ensure that there is evidence to support the giving of the requested instruction. If interpreted too literally, though, the factual test would impose a redundant and unnecessary requirement because all jury instructions must be supported by sufficient evidence. See State v. Hughes, 106 Wash.2d 176, 191, 721 P.2d 902 (1986) ("prejudicial error to submit an issue to the jury when there is not substantial evidence concerning it"). Necessarily, then, the factual test includes a requirement that there be a factual showing more particularized than that required for other jury instructions. Specifically, we have held that the evidence must raise an inference that only the lesser included/inferior degree offense was committed to the exclusion of the charged offense.[4]See, e.g., State v. Bowerman, 115 Wash.2d 794, 805, 802 P.2d 116 (1990) (lesser included offense instruction); Peterson, 133 Wash.2d at 891, 948 P.2d 381 (inferior degree offense instruction).
Application of the factual test in the instant case is reasonably straightforward. When determining if the evidence at trial was sufficient to support the giving of an instruction, the appellate court is to view the supporting evidence in the light most favorable to the party that requested the instruction. See State v. Cole, 74 Wash.App. 571, 579, 874 P.2d 878, review denied, 125 Wash.2d 1012, 889 P.2d 499 (1994), overruled on other grounds by Seeley v. State, 132 Wash.2d 776, 940 P.2d 604 (1997). More specifically, a requested jury instruction on a lesser included or inferior degree offense should be administered "[i]f the evidence would permit a jury to rationally find a defendant guilty of the lesser offense and acquit him of the greater." State v. Warden, 133 Wash.2d 559, 563, 947 P.2d 708 (1997) (citing Beck v. Alabama, 447 U.S. 625, 635, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980)). Our case law is clear, however, that the evidence must affirmatively establish the defendant's theory of the caseit is not enough that the jury might disbelieve the evidence pointing to guilt. State v. Fowler, 114 Wash.2d 59, 67, 785 P.2d 808 (1990), overruled on other grounds by State v. Blair, 117 Wash.2d 479, 816 P.2d 718 (1991).
If the trial court was to examine only the testimony of the defendant, it would have been justified in refusing to give the requested inferior degree instruction. As we have observed above, Fernandez-Medina claimed that he was not present at the incident leading to the charge at issue. A trial court is not to take such a limited view of the evidence, however, but must consider all of the evidence that is presented at trial when it is deciding whether or not an instruction should be given. See State v. Bright, 129 Wash.2d 257, 269-70, 916 P.2d 922 (1996) (using State's evidence to justify an instruction on an inferior degree offense). Here, testimony was presented by two forensic experts, one of whom testified for the defendant. *1155 Viewing the testimony of both experts most favorably to Fernandez-Medina, we are satisfied that it raised an inference that the "clicking sound" Perkins claimed she heard was not caused by Fernandez-Medina pulling the trigger as he pointed the gun at her. Indeed, it was this testimony that prompted Fernandez-Medina's counsel to seek to present a theory that Fernandez-Medina did not attempt to fire the handgun at Perkins. Such a theory was entirely consistent with the testimony of Butler, Perkins and Carpenter to the effect that the handgun had been fired five times, thus implying that it was capable of being fired again if the shooter intended to fire it. If the requested instruction had been given, the jury might reasonably have inferred from all of the evidence that Fernandez-Medina did not intend to do great bodily injury to Perkins, an element of first degree assault as charged in count II. Rather, it could have rationally concluded that as Fernandez-Medina pointed a gun at Perkins' head, it made a clicking sound that was not caused by the pulling of the trigger. If the jury had reached such a conclusion, it would have to reach the additional conclusion that by pointing a deadly weapon (the gun) at Perkins' head, Fernandez-Medina put her "in apprehension of harm," thereby committing second degree assault rather than first degree assault.[5]State v. Aumick, 126 Wash.2d 422, 426 n. 12, 894 P.2d 1325 (1995) (defining assault). Such a finding would have been consistent with the defendant's theory that he was guilty of only the inferior degree offense of second degree assault.[6]

III.
The State contends that, notwithstanding the testimony of the above-mentioned experts, the trial court justifiably refused to give the inferior degree offense instruction. It bases this argument on its contention that Fernandez-Medina's alibi defense negated any inference from the evidence that he committed only second degree assault. The Court of Appeals agreed with this argument and, in doing so, quoted from an earlier opinion from Division One of that court, as follows: "`a complete defense negates the required inference that only the lesser included offense was committed.'" Fernandez-Medina, 94 Wash.App. at 267, 971 P.2d 521 (quoting State v. Hurchalla, 75 Wash. App. 417, 424, 877 P.2d 1293 (1994), review granted, 125 Wash.2d 1020, 890 P.2d 463 (1995)).
In reaching its decision here, the Court of Appeals relied on Hurchalla and a later decision from Division One, State v. McJimpson, 79 Wash.App. 164, 901 P.2d 354 (1995), review denied, 129 Wash.2d 1013, 917 P.2d 576 (1996). Because Hurchalla is the foundation upon which the appellate court below based its decision, we have examined it carefully. In that case, the defendant was charged with second degree assault. At trial, the defendant presented theories that he acted in self-defense and with diminished capacity. Consistent with these theories, the defendant requested jury instructions on both defenses. The trial court acceded to the request and presented the jury with the requested instructions. It, however, denied the defendant's request that it instruct the jury on the lesser included offense of unlawful display of a weapon, an instruction that would have been consistent with the defense of diminished capacity. The Hurchalla court upheld the trial court's decision, concluding that the complete defense of self-defense negated "the required inference that only the lesser included offense was committed." Hurchalla, 75 Wash.App. at 424, 877 P.2d 1293. The court cited no relevant authority to support this conclusion. This is not surprising because no such authority then existed for the proposition, there being no requirement in Washington case law that a defendant's testimony be consistent with the rest of the evidence presented at trial. Despite that, the court followed the decision in the later case of State v. McJimpson, with *1156 only a citation to Hurchalla as support.[7]McJimpson, 79 Wash.App. at 175, 901 P.2d 354.
We believe the decision in Hurchalla was incorrect, being satisfied that the better rule is that which the same division of the Court of Appeals announced in an earlier case, State v. McClam, 69 Wash.App. 885, 850 P.2d 1377, review denied, 122 Wash.2d 1021, 863 P.2d 1353 (1993). There, the defendant had been charged with possession of cocaine with intent to deliver. He asserted a defense of general denial through his own testimony. Because the State presented other affirmative evidence, which tended to negate the existence of any intent to deliver the substance, the defendant sought an instruction on the lesser included offense of simple possession of a controlled substance. The trial court declined to give the instruction, apparently concluding that the defendant's assertion of a general denial precluded him from claiming that he merely possessed the controlled substance without intent to deliver.
The Court of Appeals reversed the trial court, citing several nonbinding authorities for the proposition that defendants can present inconsistent defenses. McClam, 69 Wash.App. at 889, 890, 850 P.2d 1377 (citing 21 Am.Jur.2d CRIMINAL LAW § 191 (1981); People v. Valdez, 230 Ill.App.3d 975, 595 N.E.2d 1245, 1252, 172 Ill.Dec. 575, appeal denied, 146 Ill.2d 649, 176 Ill.Dec. 818, 602 N.E.2d 472 (1992)). According to the court in McClam, "an inconsistent defense goes to the weight of, but does not entirely negate" the evidence supporting the lesser included instruction. McClam, 69 Wash.App. at 890, 850 P.2d 1377.
The Court of Appeals declined to follow the McClam reasoning here, concluding that it "differs factually" from the instant case in that it "depart[s] from the traditional rule that when a defendant simply makes a general denial of guilt ... he is not entitled to an instruction on a lesser included offense," and finally that it has been "implicitly overruled" by the decisions in Hurchalla and McJimpson. Fernandez-Medina, 94 Wash.App. at 267, 268, 971 P.2d 521. None of these assertions bears scrutiny.
First, the factual difference the Court of Appeals notes between the instant case and McClam is that a general denial was asserted in McClam and a complete defense was presented in Hurchalla and here.[8] This distinction is irrelevant because, in both Hurchalla and McClam, the defendants' requested lesser included offense instruction was completely inconsistent with another of his defense theories. Second, the "traditional rule that when a defendant simply makes a general denial of guilt ... he is not entitled to an instruction on a lesser included offense" is inapposite, here, because there was affirmative evidence to support the requested inferior degree offense instruction.[9] Third, McClam was not specifically overruled and, in fact, has been cited with approval by Division One since the Hurchalla decision was rendered.[10]
More importantly, though, we believe McClam sets forth the appropriate rule. If we were to follow the Hurchalla reasoning, *1157 as the State suggests, we would empower trial courts to deny a request for an instruction on the basis that the theory underlying the instruction is "inconsistent" with another theory that finds support in the evidence. This would require the judge presiding at a jury trial to weigh and evaluate evidence, and would run afoul of the well-supported principle that "[a]n essential function of the fact finder is to discount theories which it determines unreasonable because the finder of fact is the sole and exclusive judge of the evidence, the weight to be given thereto, and the credibility of witnesses." State v. Bencivenga, 137 Wash.2d 703, 709, 974 P.2d 832 (1999) (citing State v. Snider, 70 Wash.2d 326, 327, 422 P.2d 816 (1967)). Hurchalla also violates the proposition that "[i]n evaluating the adequacy of the evidence [to support a proposed instruction], the court cannot weigh the evidence." State v. Williams, 93 Wash.App. 340, 348, 968 P.2d 26 (1998), review denied, 138 Wash.2d 1002, 984 P.2d 1034 (1999).
We believe that the jury's ability to "separate the wheat from the chaff" deserves more deference than was afforded by the courts below, and we are loathe to allow expansion of the trial judge's authority into the fact-finding province of the jury. To avoid this courtroom hegemony, we approve of the approach taken by the court in McClam and the vast majority of other jurisdictions,[11] to the effect that, when substantial evidence in the record supports a rational inference that the defendant committed only the lesser included or inferior degree offense to the exclusion of the greater offense, the factual component of the test for entitlement to an inferior degree offense instruction is satisfied.

IV.
As we stated above, "[a] defendant in a criminal case is entitled to have the jury fully instructed on the defense theory of the case." State v. Staley, 123 Wash.2d 794, 803, 872 P.2d 502 (1994). The rule announced in Hurchalla and followed by the Court of Appeals in this case will prevent defendants from fully presenting their theories of the case to the jury, even when there is substantial evidence to support the theory. Since there was substantial evidence in the record which affirmatively raised the inference that Fernandez-Medina was guilty of only second degree assault instead of first degree assault as charged in count II, the instruction that Fernandez-Medina requested should have been given.
The Court of Appeals is, therefore, reversed.
GUY, C.J., SMITH, JOHNSON, MADSEN, TALMADGE, SANDERS, and BRIDGE, JJ., concur.
IRELAND, J. (dissenting).
The majority's decision further blurs the distinction between inferior degree crimes and lesser included crimes-a distinction the majority acknowledges and laments is already badly confused in the case law. The following table summarizes and contrasts the rules concerning inferior degree and lesser included crimes:
*1158
Inferior Degree Crime Lesser Included Crime
 RCW 10.61.003 RCW 10.61.006
Defendant may be found not Defendant may be found guilty
guilty of charged offense and of an offense, the commission of
guilty of any degree inferior which is necessarily included
thereto. within the charged offense.
An offense is of an inferior degree An offense is a lesser included
when: offense if:
1. The statutes for both the 1. Each of the elements of the
charged offense and the proposed lesser offense must be a necessary
inferior degree offense element of the offense
"proscribe but one offense." charged.
 (The legal prong)
2. The information 2. The evidence in the case
charges an offense that is divided supports an inference that the
into degrees, and the proposed lesser crime was committed.
offense is an inferior degree (The factual prong)
of the charged offense. State v. Workman, 90 Wash.2d
 443, 584 P.2d 382 (1978).
3. There is evidence that the Test: If it is possible to commit
defendant committed only the the greater offense without having
inferior offense. State v. Peterson, committed the lesser offense,
133 Wash.2d 885, 948 P.2d the latter is not an included
381 (1997). crime. State v. Bishop, 90
 Wash.2d 185, 580 P.2d 259
 (1978).
Whereas both the inferior degree offense and the lesser included offense require evidence to support an inference that the inferior or lesser offense was committed, the inferior degree also requires evidence supporting an inference that only the inferior crime was committed. Several cases have improperly imputed the "only" requirement when discussing lesser included offenses. These cases may still have been properly decided based on other factors, but the analysis was flawed. For example, State v. Bower, 28 Wash.App. 704, 709, 626 P.2d 39 (1981), concludes that there must be evidence supporting an inference that only the lesser crime was committed. The authority cited is State v. Bishop, 90 Wash.2d 185, 191, 580 P.2d 259 (1978). However, the proposition stated in Bishop is that the lesser could not be given because the greater crime could be committed without also committing the lesser. That proposition has been frequently confused in the cases with a requirement that the evidence support an inference that only the lesser crime was committed. In fact, they are separate concepts.
Bower also cites State v. Donofrio, 141 Wash. 132, 250 P. 951 (1926). This case is inapplicable because it was not a lesser included case. Rather, it was an inferior degree case which does require evidence supporting an inference that only the inferior crime was committed. In addition, Bower cites State v. Livengood, 14 Wash.App. 203, 540 P.2d 480 (1975). In Livengood, a lesser included offense was unjustified because "[t]here was no evidence on which a finding could be made on the lesser included offense." 14 Wash.App. at 206, 540 P.2d 480 (emphasis added). Furthermore, the defendant had failed to request the lesser included offense at trial.
State v. Partosa, 41 Wash.App. 266, 703 P.2d 1070 (1985), falls into the same error, citing Bower and State v. Workman, 90 Wash.2d 443, 584 P.2d 382 (1978). However, nowhere in its discussion of the requirements for a lesser included offense does Workman use the word "only." 90 Wash.2d at 448, 584 P.2d 382. Partosa also cites State v. Putnam, 31 Wash.App. 156, 639 P.2d 858 (1982). In fact, Putnam does not include the "only" requirement. Rather, it finds no lesser included offense appropriate because the greater crime can be committed without also committing the lesser crime.
State v. Peters, 47 Wash.App. 854, 860, 737 P.2d 693 (1987), also mistakenly relies on Putnam. In addition, Peters cites State v. Cozza, 19 Wash.App. 623, 576 P.2d 1336 (1978). In Cozza, the court refused an instruction because there was no evidentiary basis on which to ground the lesser included offense. Again, the word "only" does not appear in the discussion. Finally, Peters cites to State v. Snider, 70 Wash.2d 326, 422 P.2d 816 (1967). Again, the lesser was rejected in Snider because there was no "basis in the evidence produced at trial positively inferring that the lesser crime was committed...." 70 Wash.2d at 327, 422 P.2d 816.
State v. Rodriguez, 48 Wash.App. 815, 818, 740 P.2d 904 (1987), also improperly relies on Peters, Putnam, and Donofrio.
In contrast to the cases that have confused the concepts of inferior degree crimes and lesser included crimes, State v. Peterson, 133 Wash.2d 885, 948 P.2d 381 (1997), and State v. Tamalini, 134 Wash.2d 725, 953 P.2d 450 (1998), discuss both concepts clearly. In Tamalini, the defendant requested first and second degree manslaughter as both a lesser included offense and/or an inferior degree offense. The lesser included offenses were rejected because the specific mental elements differed between the lesser included offenses requested and the crime charged. The inferior degree offenses were rejected because "the manslaughter statutes and the felony murder statutes proscribe significantly different conduct and thus define separate and *1159 distinct crimes." 134 Wash.2d at 732, 953 P.2d 450.
Examining the facts of the instant case in light of the appropriate inferior degree crime analysis, I cannot concur with the majority holding that there is evidence which supports an inference that only the inferior degree crime was committed.
In State v. Ieremia, 78 Wash.App. 746, 899 P.2d 16 (1995), the court considered whether the defendant was entitled to a third degree rape instruction as an inferior degree crime of second degree rape. In rejecting the inferior degree, the court stated: "It is not sufficient that the jury might simply disbelieve the State's evidence supporting the charged crime. Rather, the evidence must support an inference that the defendant committed the lesser offense instead of the greater one." 78 Wash.App. at 755, 899 P.2d 16 (citations omitted).
The current majority states: "[A] requested jury instruction on a lesser included, or inferior degree offense should be administered `[i]f the evidence would permit a jury to rationally find a defendant guilty of the lesser offense and acquit him of the greater.'" Majority at 1154 (quoting State v. Warden, 133 Wash.2d 559, 563, 947 P.2d 708 (1997)). The problem with this assertion is that it confuses the rule for lesser offense, which was at issue in Warden, with inferior degree, at issue here. As pointed out above, however, a lesser degree case requires the defendant to produce evidence which supports an inference that only the lesser degree crime was committed.
The majority asserts that "the distinction between lesser included and inferior degree offense instructions is not, however, significant in this case." Majority at 1154. The majority then claims, wholly without authority, that "the test for determining if a party is entitled to an instruction on an inferior degree offense differs from the test for entitlement to an instruction on lesser included offense only with respect to the legal component of the test." Id. at 1154. This is flat wrong. It is the factual prong which most distinguishes the lesser included from the inferior degree as there must be evidence that infers only the inferior degree crime was committed.
The jury heard evidence that the defendant had threatened to kill his former girl friend, Ann Carpenter, and her friends on the very day of the shootings. Report of Proceedings (RP) at 143, 148. Later that day, a person identified as the defendant, Fernandez-Medina, kicked in the door to where Carpenter was with friends and shot Wayne Butler, who was at the door. RP at 143-54. As Butler ran toward the kitchen, he fell to the floor as the defendant shot him again, severing his spinal cord. Carpenter ran into the bathroom as soon as she saw the defendant with the gun. She saw a flash between her legs as a shot hit a metal piece of the bathroom door. RP at 154. Meanwhile, Dorothy Perkins turned and fell when she heard the shots and was lying on her back. She saw the defendant stand over her as he held the gun two feet from her head. RP at 411-13. As he pointed the gun at her head, she heard the defendant "pull the trigger," and the gun make a "click" sound. RP at 411, 424-25, 480.
The defendant claimed entitlement to a lesser degree offense instruction of assault in the second degree as to Dorothy Perkins. The majority found evidence entitling the defendant to the lesser degree offense based upon a claim that when he pointed the gun at her head, he did not intend to inflict great bodily harm on the victim, but only intended to "put her in apprehension of harm." The majority held that forensic evidence showed that a handgun of the type used could make a "clicking sound" without the trigger being pulled. However, at best, this is mere impeachment evidence of the victim that she heard a "click, the sound of a gun." Whether such a handgun can make clicking sounds without the trigger being pulled raises no inference that the defendant did not intend to harm the victim but only intended to put her in fear.
In State v. McClam, 69 Wash.App. 885, 888, 850 P.2d 1377 (1993), cited by the majority, there was a statement by the alleged purchaser of drugs that he was sold "bunk." The McClam court held that evidence raised an inference that the defendant was keeping *1160 the drugs in his possession for himself. However, McClam was a lesser included crime case where all that was required was evidence supporting an inference that the lesser was committed (not that only the lesser was committed). In the case before us, there were no statements from which the jury could infer the defendant's state of mind. In fact, he testified he was elsewhere at the time of the shooting.
The trial court also refused the inferior degree offense because the defendant claimed an alibi defense, which is a complete and antithetical defense to the claim that he pointed the gun at the victim to "put her in apprehension of harm." Had the defendant made a general denial or an inconsistent defense, such as one negating intent (e.g., diminished capacity), I would then agree that the inferior degree should be available. The discussion of State v. Hurchalla, 75 Wash. App. 417, 877 P.2d 1293 (1994), State v. McClam, and State v. McJimpson, 79 Wash. App. 164, 901 P.2d 354 (1995), is of marginal relevance since all three were lesser included offense cases.
I can agree with the majority that even in an inferior degree case, a defense which merely negates intent, such as self-defense, should not be a reason to deny an otherwise qualifying inferior degree offense. Here, however, the defendant claims a complete defense of alibi-that he was elsewhere when this crime was committed. Such a position is antithetical to the proposed inferior degree offense.
As a final point, the defendant's proposed instruction was defective in that it proposed an alternative of "an intentional assault of another that thereby recklessly inflicts substantial bodily harm." There was no evidence of any injury to Ms. Perkins and no basis for this language in the proposed instruction. The trial court had no obligation to give an instruction for which there was no evidence. I would affirm the Court of Appeals.
NOTES
[1] Carpenter testified that she saw a bullet ricochet off of the floor between her feet as she ran to the bathroom.
[2] Although the weapon used in the shooting was never recovered, five spent shell casings found at the scene were consistent with a .380 semiautomatic handgun.
[3] RCW 10.61.003 provides:

"Upon an indictment or information for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto, or of an attempt to commit the offense."
RCW 10.61.006 provides: "In all other cases the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or information."
[4] In response to the dissent, we merely re-emphasize that Fernandez-Medina was entitled to an instruction on the inferior degree offense of assault in the second degree if the evidence established that he was guilty only of assault in the second degree.
[5] A person is guilty of assault in the first degree "if he or she, with intent to inflict great bodily harm... [a]ssaults another with a firearm or any deadly weapon." RCW 9A.36.011(1)(a).
[6] RCW 9A.36.021(1)(c) defines assault in the second degree, in pertinent part, as assault with a deadly weapon "under circumstances not amounting to assault in the first degree."
[7] Even this holding was dicta, in that the court had already decided that the defendant's requested instruction did not fulfill either the legal or the factual prong of the Workman and Peterson analyses. See McJimpson, 79 Wash.App. at 171-75, 901 P.2d 354.
[8] Fernandez-Medina, 94 Wash.App. at 267-68, 971 P.2d 521.
[9] The State cited several foreign cases, including: People v. Geiger, 35 Cal.3d 510, 674 P.2d 1303, 199 Cal.Rptr. 45, 50 A.L.R.4th 1055 (1984) (no evidence to support requested instruction), overruled on other grounds by People v. Birks, 19 Cal.4th 108, 960 P.2d 1073, 77 Cal.Rptr.2d 848 (1998); State v. Keenan, 81 Ohio St.3d 133, 689 N.E.2d 929 (1998) (no evidence to support first degree murder instruction when charged with aggravated murder); State v. Rucker, 319 S.C. 95, 459 S.E.2d 858, 860 (1995) ("Rucker presented no evidence that ... she committed some act that could be viewed by the jury as a simple assault"), reh'g dismissed, 321 S.C. 552, 471 S.E.2d 145 (1996). The Court of Appeals cited State v. Snider 70 Wash.2d 326, 422 P.2d 816 (1967) and the trial court cited State v. Speece, 115 Wash.2d 360, 798 P.2d 294 (1990). None of these cases is inconsistent with our decision here.
[10] State v. Gostol, 92 Wash.App. 832, 838, 965 P.2d 1121 (1998) (affirming that McClam allows evidence justifying lesser included instruction need not come from the defendant nor be consistent).
[11] See, e.g., People v. Woods, 226 Cal.App.3d 1037, 1050-51, 277 Cal.Rptr. 269 (1991) (alibi defense to murder held consistent with aggravated assault instruction where counsel argued alternatively that defendant did not intend to kill); Young v. State, 699 N.E.2d 252, 256 (Ind.1998) ("alibi defense does not automatically bar instructions on a lesser included offense"), reh'g denied (1999); Commonwealth v. Collins, 821 S.W.2d 488, 491 (Ky.1991) (holding that when the prosecution adduces evidence warranting lesser included instruction and defendant presents only alibi defense, lesser included instruction is proper); People v. Bryant, 80 Mich.App. 428, 264 N.W.2d 13, 16 (1978) ("`[a] jury may disbelieve a defendant's alibi but nevertheless find that a disputed element of the principal charge was not proven'" (quoting People v. Membres, 34 Mich.App. 224, 191 N.W.2d 66, 69 n. 7 (1971))); State v. Massa, 242 Neb. 70, 493 N.W.2d 175, 180 (1992) (same), overruled on other grounds by State v. Williams, 243 Neb. 959, 503 N.W.2d 561 (1993); Keenan, 689 N.E.2d at 939 (holding alibi defense does not prohibit lesser included offense instruction). But see Mitchell v. State, 884 P.2d 1186, 1200-01 (Okla.Crim. App.) ("[w]hen a defendant's testimony excludes all but one theory of defense, he is deemed to have elected that theory"), reh'g denied (1994).