# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | No. 75748-2-I |
| | ) | |
| Respondent, | ) | |
| | ) | ORDER DENYING MOTION |
| v. | ) | FOR RECONSIDERATION |
| | ) | AND WITHDRAWING AND |
| LO SHENG SAELEE, | ) | SUBSTITUTING OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |
| | ) | |

The appellant, Lo Saelee, has filed a motion for reconsideration of the opinion filed on April 30, 2018. The State has not filed a response to the appellant's motion for reconsideration. The court has determined that the motion should be denied, but the opinion should be withdrawn, and a substitute opinion filed; now, therefore, it is hereby

ORDERED that the motion for reconsideration is denied; and it is further

ORDERED that the opinion filed on April 30, 2018 is withdrawn; and it is further

ORDERED that a substitute unpublished opinion shall be filed.

Appelwick, CJ

COX, J.P.T.

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE STATE OF WASHINGTON, )
                                      )

               Respondent, )
                                        )

        v.                              )

LO SHENG SAELEE, )
                                        )

               Appellant. )

No. 75748-2-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: June 18, 2018

APPELWICK, C.J. — A jury found Saelee guilty of possession with intent to deliver. Saelee argues that the trial court erred in not giving a lesser included offense instruction of possession, and that the imposition of mandatory LFOs against him is unconstitutional. We affirm.

## FACTS

Seattle Police asked a drug informant to make contact by phone with a drug dealer. The informant had purchased drugs from this dealer before. The call was on speakerphone with police present so that police could hear what was said. The informant asked for an "eight ball.[1] The dealer and the informant agreed to meet at 12th Avenue South and South King Street in Seattle.

---

[1] An eight ball refers to roughly an eighth of an ounce of cocaine. The typical rate on the street for an eight ball is $200 to $300.

With the help of the informant, police apprehended the dealer at the arranged location. Police identified him as Lo Saelee. They recovered multiple packages of crack cocaine from a hidden compartment inside the vehicle.

The State charged Saelee with one count of possession with intent to deliver. The charges proceeded to trial. Saelee requested a lesser included offense instruction of possession of a controlled substance. The trial court denied this request. The jury found Saelee guilty of possession of a controlled substance with intent to deliver cocaine. As part of Saelee's sentence, the trial court imposed mandatory legal financial obligations (LFOs) for a mandatory victim penalty assessment (VPA) and deoxyribonucleic acid (DNA) collection fee.

Saelee appeals.

## DISCUSSION

Saelee makes two arguments. First, he argues that the trial court erred by not giving a lesser included offense instruction for simple possession, because the facts warranted it. Second, he argues that RCW 7.68.035 and RCW 43.43.7541, which impose mandatory LFOs, are unconstitutional as applied to defendants who do not have the current or future ability to pay.

I.   Lesser Included Offense Instruction

Saelee first argues that the trial court erred by not giving a lesser included offense instruction. He argues that the facts at trial, when viewed in the light most favorable to Saelee, supported the conclusion that Saelee committed only simple possession of a controlled substance, to the exclusion of possession with intent to deliver.

When a defendant is charged with an offense, the jury may find the defendant guilty of an offense that is necessarily included within that with which he or she is charged. RCW 10.61.006. Under State v. Workman, a defendant is entitled to an instruction on a lesser included offense if two elements are met. 90 Wn.2d 443, 447, 584 P.2d 382 (1978). First, each of the elements of the lesser offense must be an element of the offense charged. Id. at 447-48. Second, the evidence must support an inference that the lesser crime was committed. Id. at 448. Possession is a lesser included offense of possession with intent to deliver. State v. Harris, 14 Wn. App. 414, 418, 542 P.2d 122 (1975). Thus, the first, legal prong is not at issue. The outcome of this case turns on resolution of the factual prong.

When substantial evidence in the record supports a rational inference that the defendant committed only the lesser included or inferior degree offense to the exclusion of the greater offense, the factual component of the test for entitlement to an inferior degree offense instruction is satisfied. State v. Fernandez-Medina, 141 Wn.2d 448, 461, 6 P.3d 1150 (2000). The evidence must be viewed in the light most favorable to the party requesting the instruction. Id at 455-56. To satisfy the factual prong, the evidence must affirmatively establish the defendant's theory of the case—it is not enough that the jury might disbelieve the evidence pointing to guilt. Id. at 456. We review the decision not to give a lesser included offense instruction based on the facts of the case for an abuse of discretion. State v. Picard, 90 Wn. App. 890, 902, 954 P.2d 336 (1998).

This is a case arising out of an arranged drug distribution meet-up, not a happenstance discovery of Saelee in possession of narcotics. The unrefuted evidence at trial was that the informant spoke with someone named Lo on the phone. The informant arranged to buy an eight ball of narcotics from him at a specific time and place. Police found Saelee, at the arranged time and place, with prepackaged amounts of cocaine that officers testified were typical of drug dealing.

Saelee argues that the State did not present certain evidence that would typically indicate intent to deliver. Seattle Police Department Narcotics Detective Matthew Pasquan testified that drug dealers commonly: use storage lockers, keep transaction records, keep jewelry, have incriminating photographs, have processing paraphernalia, possess weapons, use aliases, launder money, travel abroad, and use rental vehicles. Pasquan admitted that none of these facts were present in Saelee's case. Saelee notes the informant's call did not discuss money or quality. Saelee argues that these deficiencies, apparent in the testimony, support an inference that Saelee did not have intent to deliver, "given that he did not do most of the activities that, according to the State's principal witness, drug dealers commonly do." The presence of those additional facts may have strengthened the State's case. However, the fact that they are not present is not substantial evidence supporting an inference that only the lesser offense was committed, to the exclusion of the greater.

Saelee argues that Fernandez-Medina, and State v. McClam, 69 Wn. App. 885, 850 P.2d 1377 (1993) nonetheless require reversal. Those cases generally hold that a trial court must not decline to give a lesser included offense instruction

merely because it would be inconsistent with one of the defense's theories. See Fernandez-Medina, 141 Wn.2d at 461; McClam, 69 Wn. App. at 890. It is the jury's job to determine whether to believe a theory of a lesser included offense, even if it might be inconsistent with another defense theory. McClam, 69 Wn. App. at 890 n.4. However, the trial court did not decline to give the lesser included offense instruction because it might be inconsistent with Saelee's theory of denial of possession. It denied the lesser included instruction, because Saelee's theory of simple possession was not supported by substantial evidence, to the exclusion of possession with intent to deliver. This authority does not require reversal.

Saelee fails to identify any evidence that would require an instruction of mere possession, to the exclusion of intent to deliver. The trial court did not abuse its discretion in refusing to instruct the jury on the lesser included offense possession of a controlled substance.

## II. LFOs

Saelee next argues that the mandatory LFOs imposed against him under RCW 7.68.035 and RCW 43.43.7541 are unconstitutional as applied to him, because the trial court did not inquire into Saelee's ability to play. RCW 7.68.035 requires trial courts to impose a $500 VPA against defendants convicted of a crime. RCW 43.43.7541 requires trial courts to impose a $100 DNA collection fee.

Saelee contends that due process requires trial courts to inquire into the defendant's ability to pay before imposing mandatory LFOs such as these. But, this court addressed a virtually identical argument in State v. Shelton, 194 Wn. App. 660, 673-74, 378 P.3d 230 (2016), review denied 187 Wn.2d 1002, 386 P.3d

1088 (2017). There, Shelton challenged the DNA fee on as applied due process grounds, because, he argued, the trial court had not inquired into his ability to pay. Id. at 670. We held that "because imposition of the mandatory DNA fee does not implicate constitutional principles until the State seeks to enforce collection of the DNA fee or impose a sanction for failure to pay, the as-applied substantive due process challenge to RCW 43.43.7541 is not ripe for review." Id. at 674. As a mandatory fee, the same principle applies to the VPA.

Like Shelton, nothing here shows that the State has attempted to collect the challenged fees. Therefore, under Shelton these claims are not ripe for review.

We affirm.

WE CONCUR:

Appelwick, C.J.

Cox, J.P.T.