THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80783-8-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MARVIN MERCADO, | ) | |
| | ) | |
| Appellant. | ) | |
| | ) | |

ANDRUS, A.C.J. — Marvin Mercado appeals his jury conviction for first degree arson following an incident where he set fire to an unoccupied trailer he believed belonged to an acquaintance. He argues that the trial court erred in denying his requested inferior degree offense instruction of arson in the second degree and that he received ineffective assistance of counsel because his trial attorney failed to present exculpatory evidence. Because we agree that the trial court erred in refusing the inferior degree offense instruction, we reverse his conviction.

## FACTS

Marvin Mercado was arrested on the evening of December 11, 2018 after witnesses heard gunshots and observed Mercado leaving the scene of a burning

Citations and pin cites are based on the Westlaw online version of the cited material.

trailer in an RV park in Lynwood. Responding firefighters found a "very small fifth-wheel" trailer on fire. They waited for police to clear the area before extinguishing the fire. The trailer was approximately 25 feet long with a storage structure built underneath. At the time of the fire, its circuit breakers had been turned off and the trailer was not connected to any gas source. Snohomish County Sherriff's deputies discovered several nine-millimeter shell casings and a pickup truck parked nearby.

Deputy Nathan Smith conducted Mercado's interview at the precinct. Because Mercado does not speak English, Lieutenant Alan Bryant was also present to act as an interpreter. Although not certified as an interpreter, Lieutenant Bryant is fluent in English and Spanish. Due to Mercado's often long-winded responses and use of a dialect unfamiliar to Lieutenant Bryant, Bryant acknowledged that he sometimes gave Deputy Smith the "Reader's Digest" version of Mercado's statements.

During the recorded interrogation, Mercado admitted that he had set the fire and fired nine shots into the ground when his truck failed to start after he set the blaze. Mercado explained that he had come there to kill a man named Chaires, who Mercado believed was threatening him and had hacked into his and his ex-wife's cell phones. Mercado stated that he had visited the trailer three times and found it empty each time. Believing the trailer to be abandoned, he set the fire because he was angry at Chaires. The State charged Mercado with one count of first degree arson and one count of unlawful discharge of a firearm, a gross misdemeanor.

The State introduced a transcript of the interrogation, obtained by the Sheriff's office using a translation service, at a pre-trial hearing. The State proposed providing the transcript to the jury to reference when they listened to the recording of the interrogation. Defense counsel objected on the basis that the transcript contained words that Lieutenant Bryant admitted he did not understand. The State subsequently decided not to use the transcript and it was not provided to the jury.

At the close of evidence, Mercado requested an instruction on second degree arson as an inferior degree offense. The trial court denied the proposed instruction. The jury convicted Mercado as charged. The court imposed a sentence of 36 months of incarceration.

ANALYSIS

Mercado argues that the trial court erred in refusing to instruct the jury on arson in the second degree as an alternative inferior degree offense to his first degree arson charge. We agree.

When the State charges a defendant "for an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged . . . and guilty of any degree inferior thereto." RCW 10.61.003. An instruction on an inferior degree offense is appropriate where (1) the statutes for both the charged offense and inferior offense proscribe only one offense, (2) the information charges an offense that is divided into degrees and the proposed offense is an inferior degree of the charged offense, and (3) there is evidence that the defendant committed only the inferior offense. State v. Fernandez-Medina, 141 Wn.2d 448, 453, 6 P.3d

1150 (2000).

The first two prongs are clearly met here. Mercado was charged with first degree arson as proscribed under RCW 9A.48.020(1). He requested an inferior degree offense instruction on second degree arson proscribed under RCW 9A.48.030.

At issue is whether there is evidence that he committed only second degree arson. This is a factual question we review for sufficiency of the evidence. Fernandez-Medina, 141 Wn.2d at 455-56. We view the evidence in the light most favorable to the party requesting the instruction. Id. "[T]he evidence must raise an inference that only the lesser included/inferior degree offense was committed to the exclusion of the charged offense." Id. at 455. This test does not require evidence that the greater crime was not committed, "only that a jury, faced with conflicting evidence, could conclude the prosecution had proved only the lesser or inferior crime." State v. Coryell, No. 98256-2-I, slip op. at 18 (Wash. Mar. 25, 2021), https://www.courts.wa.gov/opinions/pdf/982562.pdf.

To convict Mercado of first degree arson under RCW 9A.48.020, the State had to prove that Mercado caused a fire "manifestly dangerous to any human life" or a fire which "damages a dwelling." Mercado argues that a second degree arson instruction was appropriate because there is evidence that the fire he started meets neither of these elements.

The statutory definition of "dwelling" is "any building or structure, though movable or temporary, or a portion thereof, which is used or ordinarily used by a person for lodging." RCW 9A.04.110(7). Mercado relies on State v. McDonald,

- 4 -

123 Wn. App. 85, 96 P.3d 468 (2004), to support his argument that there is evidence the trailer was not a "dwelling." The defendant in that case was charged with residential burglary after he broke into a house that was under construction. Id. at 87. The defendant requested an instruction on second degree burglary, arguing that the jury could reasonably find that the house was not a "dwelling" when it was under construction and vacant. Id. at 88. The trial court refused to allow the instruction. Id. Division Two reversed, concluding "a jury could have found that no one was living in the Hintons' house from about October 2002, to at least March 2003, and thus that the house was not being 'used or ordinarily used by a person for lodging' " at the time of the offense. Id. at 90. In so ruling, the court recognized that a structure's status as a dwelling turns on a variety of relevant factors "and is generally a matter for the jury to decide." Id. at 91.

Division Two elaborated on these factors in State v. Hall, 6 Wn. App. 2d 238, 241, 430 P.3d 289 (2018), another residential burglary case. They are

> (1) whether the occupant deemed the house his or her abode and treated it as such, (2) whether the house was furnished and rented out periodically, (3) whether the occupant intended to return, (4) whether the house usually was occupied by someone lodging there at night, (5) whether the house was maintained as a dwelling, and (6) how long the house had been vacant.

Id. In Hall, the court concluded that the State had proved that a furnished but unoccupied house was a dwelling for purposes of the residential burglary statute. Id. at 243. The court noted that, despite being vacant for 15 months and having shuttered windows, the owner returned to the house weekly and kept her clothing and possessions there. Id. at 241-43.

McDonald and Hall, although residential burglary cases, are instructive

here. First, the definition of "dwelling" is the same under both the arson and residential burglary statutes. Second, whether a particular building was used or ordinarily used by a person for lodging was deemed a question of fact for the jury to decide in both cases.

Under the Supreme Court's recent decision in Coryell, we must determine whether a jury, faced with conflicting evidence, could conclude the prosecution had proved only the inferior crime. Coryell, slip op. at 18. Arson in the second degree under RCW 9A.48.030 merely requires proof that a person "knowingly and maliciously cause[d] a fire" which damaged a "building." A "building" includes dwellings but also includes vehicles and "any other structure used for lodging of persons or for carrying on business therein." RCW 9A.04.110(5). Thus, in order to establish he was entitled to the inferior degree instruction, the evidence must be such that a jury could have concluded Mercado committed arson of a building, but not a dwelling.

When viewed in the light most favorable to Mercado, the record in this case indicates that a reasonable jury could have concluded that the trailer was a building, but not a dwelling. Mercado's statements during his interrogation indicate that the trailer had been abandoned. He visited the trailer three times in the previous three months and each time found it vacant and its contents "scattered or thrown about." There was also evidence that the trailer had been disconnected from propane and electricity before the fire. Although there were some household items inside, the State presented no evidence to indicate the alleged owner, Chaires, or anyone else, was treating the trailer as their abode or were spending

- 6 -

their nights there at the time of the fire, or that they intended to return after some absence.

There is also conflicting evidence as to whether the fire was "manifestly dangerous to human life." A responding firefighter testified that, while it is always possible for a fire to jump from one building to another, he was not concerned about the adjacent trailers because the burning trailer "was kind of out on its own." After waiting 10-15 minutes for police to clear the scene, firefighters were able to extinguish the fire "within a few minutes." A crowd of people gathered in the immediate area of the trailer to watch the fire and there was no evidence law enforcement or firefighters had to evacuate the area for their safety. With this evidence, a reasonable jury could therefore have also concluded that the fire was not "manifestly dangerous to human life."

Because a reasonable jury could find that Mercado committed only second degree arson, the trial court erred in denying his request for an inferior degree offense instruction. We therefore reverse Mercado's conviction for first degree arson and remand for further proceedings consistent with this opinion.

Reversed and remanded.

_Andrus, A.C.J._

WE CONCUR:

_Dwyer, J._          _Appelwick, J._