[No. 27313-6-II. Division Two. October 10, 2002.]

THE STATE OF WASHINGTON, RESPONDENT, v. ALBERT REUBEN WALTHER, *Appellant.*

*Eric M. Fong* and *W. David Rovang* (of *Rovang Fong & Associates*), for appellant.

*Russell D. Hauge, Prosecuting Attorney*, and *Randall A. Sutton, Deputy*, for respondent.

HUNT, C.J. — Albert R. Walther appeals his second degree assault conviction, which he contends is not supported by sufficient evidence. He also argues that the trial court erred by refusing to instruct the jury on lawful force and third degree assault as a lesser included offense. Holding that Walther was not entitled to shoot his firearm to regain possession of his car and finding no error, we affirm.

## FACTS

Walther owned a 1970 Charger in showroom condition. On several occasions he allowed roommate Shaun Beals to use the car for short periods of time to run errands. On the night of January 15, 2001, Walther permitted Beals to use the Charger for two hours.

When Beals did not return the car, Walther attempted to contact her from 8:00 P.M. until 3:00 A.M. the next morning, when Beals turned off her cell phone. When she did not return the car later that morning, Walther asked Howard Bolter, a friend, to drive him around Bremerton to look for the car. Walther brought a gun.

They found the car with Beals asleep inside and pulled up behind it to block her from leaving. Walther tapped the

trunk of the car with a child-size bat, then pounded on it with the flat of his hand. Beals awakened, started the car, and began to move the car back and forth.

To prevent Beals from driving off with his car, Walther pulled out his gun and fired a shot in the upper and lower right-hand corners of the driver-side window, six inches from Beals. Aiming for the windshield, Walther fired a third shot over the roof of the car as Beals drove in his direction. Beals then put the car in park. Walther grabbed the door handle and shot a fourth time into the front vent window and again into the corner of the window toward the console, shattering the window. During the shooting, Beals "went down into the seat" to protect herself, but bullet fragments entered her head and elbow before she drove away.

The State charged Walther with first degree assault, alleging domestic violence. Clerk's Papers (CP) at 1-2. At trial, Walther claimed that, although he is experienced with firearms and understands their potential for harm, he did not intend to inflict serious injury on Beals with the gun; he was merely trying to recover his car. When questioned by the 911 operator, however, Walther said that he hoped he had hit Beals. The trial court instructed the jury on both first and second degree assault; it refused Walther's request for an instruction on third degree assault. CP at 154-55. The jury convicted Walther of second degree assault with a firearm, including a special verdict of domestic violence assault against a household member. CP at 155, 157-58.

## ANALYSIS

### I. Lawful Force

RCW 9A.16.020 provides that the use of force is not unlawful:

(3) *Whenever used by a party about to be injured,* or by another lawfully aiding him or her, *in preventing* or attempting to prevent an offense against his or her person, or a malicious trespass, or other *malicious interference with* real or *personal*

*property* lawfully *in his or her possession,* in case the force is *not more than is necessary.*

(Emphasis added.)

 Walther meets none of the above requirements for the lawful use of force. First, he was not about to be injured when he came upon Beals sleeping in his parked car; thus, he was not entitled to use force to prevent her from driving it away. Second, the car was not in Walther's possession at the time he fired into the car and injured Beals; rather, it was in her possession. Third, even if he had met the "about to be injured" element, firing a gun multiple times at close range through the glass into the car was far more force than was necessary. *See State v. Madry,* 12 Wn. App. 178, 181, 529 P.2d 463 (1974), *review denied,* 85 Wn.2d 1004 (1975).

Accordingly, Walther was not entitled to an instruction on lawful force, and the trial court did not err in failing to give one.[1]

## II. THIRD DEGREE ASSAULT

██ ██ Third degree assault is not a lesser included offense but, rather, an inferior degree offense of first degree assault. *See State v. Fernandez-Medina,* 141 Wn.2d 448, 454, 6 P.3d 1150 (2000). Here, the evidence does not show that Walther committed only the inferior offense. *See Fernandez-Medina,* 141 Wn.2d at 456; *State v. Daniels,* 56 Wn. App. 646, 651, 784 P.2d 579, *review denied,* 114 Wn.2d 1015 (1990).

██ Any assault with a deadly weapon is at least a second degree assault. *See* RCW 9A.36.021(1)(c). "Any . . . loaded . . . firearm . . . which . . . is readily capable of causing death or substantial bodily harm" is a deadly weapon. RCW 9A.04.110(6). Thus, Walther was not entitled to an instruction for third degree assault because he used a .22 caliber firearm to assault Beals. The trial court did not abuse its discretion in denying the instruction.

---

[1] At oral argument, Walther's counsel conceded that Walther's use of force was not lawful.

### III. Sufficiency of Evidence

Walther argues that because he did not intend to shoot Beals, and because he did not touch, strike, shoot, or cut her, Appellant's Brief at 26, he was merely negligent and, therefore, not guilty of second degree assault.[2] We disagree. Any assault with a deadly weapon automatically elevates the assault at least to the second degree. *See* RCW 9A.36.021(1)(c). Here, Walther clearly fired a deadly weapon multiple times to recover his car, injuring Beals in the process. There was sufficient evidence to support the jury's verdict. *State v. Green*, 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

Affirmed.

Seinfeld and Bridgewater, JJ., concur.

---

[2] RCW 9A.36.021 defines assault in the second degree as follows:

(1) A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree:

(a) Intentionally assaults another and thereby recklessly inflicts substantial bodily harm; or

(b) Intentionally and unlawfully causes substantial bodily harm to an unborn quick child by intentionally and unlawfully inflicting any injury upon the mother of such child; or

(c) Assaults another with a deadly weapon; or

(d) With intent to inflict bodily harm, administers to or causes to be taken by another, poison or any other destructive or noxious substance; or

(e) With intent to commit a felony, assaults another; or

(f) Knowingly inflicts bodily harm which by design causes such pain or agony as to be the equivalent of that produced by torture.

(2) Assault in the second degree is a class B felony, except that assault in the second degree with a finding of sexual motivation under RCW 9.94A.835 or 13.40.135 is a class A felony.