FILED
COURT OF APPEALS
DIVISION II

2013 SEP 24 AM 9: 29

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43325-7-II |
| Respondent, | |
| v. | |
| RICHARD DONALD LLOYD JANSSEN, | UNPUBLISHED OPINION |
| Appellant. | |

Richard Donald Lloyd Janssen appeals two jury convictions for first and second degree assault of two community custody officers toward whom he shot while they were pursuing him. He argues that the trial court denied him a fair trial by admitting propensity evidence of other bad acts contrary to ER 404(b). In his Statement of Additional Grounds (SAG), Janssen appears to assert that (1) his trial counsel provided ineffective representation by refusing to "fight"[1] to use his Muslim name and refusing to enter a plea of "not guilty by reason of insanity"[2] on his behalf; (2) the trial court erred in denying his request for an inferior degree jury instruction on third degree assault; (3) the trial court deprived him of a fair hearing by allowing officers to say "untruthful lies about [him]"[3] by testifying at the CrR 3.5 hearing that he said "white power"[4]

---

[1] SAG (Ground One) at 1.

[2] SAG (Ground Three) at 3.

[3] SAG (Ground Four) at 1.

[4] SAG (Ground Four) at 1.

when he was being taken into custody; and (4) because he did not intend to inflict great bodily harm on the two officers when he fired his gun in their direction, the trial court should not have allowed the first degree assault charges to go to the jury. We affirm.

FACTS

I. ASSAULTS

In January 2011, Richard Donald Lloyd Janssen was serving the community custody portion of his sentence, which required him to check in with his Community Corrections Officer, Eric Morgan, on a monthly basis. When Janssen missed his January 19, 2011 check-in appointment, Morgan issued a probation warrant for Janssen's arrest.

On February 10, Morgan and his partner, Tracy Peters, were driving in the community, looking for offenders with outstanding warrants. They spotted Janssen on foot, made eye contact with him, made a U-turn, and pulled up behind Janssen, intending to arrest him. Janssen pulled a shotgun from under his coat and fired in their direction. Morgan and Peters ducked under their car's dashboard, Morgan put the car in reverse, and Peters radioed for assistance. Janssen fired a second shot, and a pellet of birdshot cracked the driver's side windshield. Janssen then turned and ran off.

Longview police officers found Janssen running into the front yard of a residence. Officer Shawn Close yelled for Janssen to stop and to put his hands in the air. Janssen put his hands up but then began backing away. Close ordered Janssen to stop and to get on the ground;

Janssen complied. Officer Terry Reece read Janssen his *Miranda*[5] rights, and Officer Chris Angel helped take Janssen into custody.

As Angel and other officers walked Janssen to a waiting patrol car, Janssen began struggling and kicked out, breaking Angel's ankle. Close saw Janssen and two officers go to the ground; Close helped hold down Janssen while Reece retrieved a hobble strap for Janssen's feet and a spit hood for his face. Janssen screamed he was "white power" and that he had "friends who . . . can come after you"; he threatened to kill the officers and their families, 1A Verbatim Report of Proceedings at 11, 20, "just like I shot those D.O.C.[6] officers." 1B VRP 194.

## II. PROCEDURE

The State charged Janssen with two counts of first degree assault of the corrections officers (Morgan and Peters), two counts of first degree unlawful possession of a firearm, two counts of harassment relating to the threats he made after his arrest, and one count of custodial assault. Following a CrR 3.5 hearing, the trial court ruled admissible Janssen's spontaneous statements during the struggle. Janssen then pleaded guilty to the harassment charges, the two weapons charges, and the unrelated custodial assault charge.

Janssen proceeded to a jury trial on the two remaining first degree assault charges Counts I (Morgan) and II (Peters). He moved in limine to exclude evidence that he had kicked Officer Angel and broken his ankle. Granting the motion in part, the trial court prohibited the State from mentioning Angel's broken ankle. But the trial court denied the motion to exclude the kicking because "it [did] have some relevance." 1A VRP at 78.

---

[5] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[6] "D.O.C." likely refers to Department of Corrections.

Janssen proposed a jury instruction that third degree assault is an "inferior" degree of first degree assault. The State objected and requested an instruction on second degree assault as a lesser included offense of both first degree assault counts. Citing *State v. Walther*,[7] the trial court reasoned that the evidence did not support a rational inference that Janssen had committed only third degree assault and denied Janssen's request. Granting the State's request, the trial court instructed the jury on second degree assault.

The jury convicted Janssen of first degree assault on Count I (Eric Morgan) and the lesser included second degree assault on Count II (Tracy Peters). Janssen appeals.

## ANALYSIS

### I. ADMISSIBILITY OF EVIDENCE

Janssen contends that the trial court erred in admitting evidence that he had kicked Angel during his arrest. Janssen argues that this evidence was (1) irrelevant under ER 401; (2) unduly prejudicial under ER 403; and (3) improper evidence of other crimes, wrongs, or acts used to prove his propensity to commit the charged offenses, contrary to ER 404(b). His first argument fails; and because he failed to preserve his second and third arguments, we do not address them.

### A. Preservation of Error; Standard of Review

A party may assign error in appellate court on only the specific ground that he raised in an evidentiary objection at trial. *See State v. Guloy*, 104 Wn.2d 412, 422, 705 P.2d 1182 (1985). At trial, Janssen argued only that his kicking Officer Angel was irrelevant to any issue before the court and, therefore, inadmissible under ER 401. Janssen did not object below on the two

---

[7] *State v. Walther*, 114 Wn. App. 189, 192, 56 P.3d 1001 (2002) (defendant not entitled to inferior degree instruction for third degree assault because he used a firearm).

No. 43325-7-II

grounds that he raises for the first time on appeal: That this testimony was unduly prejudicial under ER 403 and that it was improper propensity evidence under ER 404(b). Thus, we address only his first, preserved, relevance argument.

We review for abuse of discretion the trial court's admission of evidence. In making this determination, we decide whether the challenged admission was manifestly unreasonable or based on untenable grounds or reasons. *State v. Lormor*, 172 Wn.2d 85, 94, 257 P.3d 624 (2011); *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). We find no abuse of discretion here.

### B. ER 401 Relevance

ER 401 defines relevant evidence as "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under ER 401, evidence is not considered relevant unless it has a tendency to prove or disprove a fact that is of some consequence in the context of the other facts and the applicable substantive law. 5D KARL B. TEGLAND, WASHINGTON PRACTICE: COURTROOM HANDBOOK ON WASHINGTON EVIDENCE, Rule 401 at 212-13 (2012-13 ed.) (citing *State v. Sargent*, 40 Wn. App. 340, 698 P.2d 598 (1985)). Stated another way, evidence is relevant if "a logical nexus exists between the evidence and the fact to be established." *State v. Burkins*, 94 Wn. App. 677, 692, 973 P.2d 15 (1999). The threshold for evidentiary relevance is low: "Even minimally relevant evidence is admissible." *State v. Darden*, 145 Wn.2d 612, 621, 41 P.3d 1189 (2002).

To prove first degree assault, the State had to prove that Janssen intended to inflict great bodily harm on Peters and Morgan, who had been pursuing him when he (Janssen) fired a

5

shotgun toward their patrol car. RCW 9A.36.011(1). Janssen's later kicking Angel, who was helping other officers subdue Janssen during his arrest, had a logical nexus with the charged assaults because it showed Janssen's state of mind and his intent to resist capture and to cause great bodily harm to the officers trying to take him into custody. In light of the trial court's broad discretion in admitting evidence and the low threshold for relevance, we find no reversible error in the trial court's admission of this evidence.

## II. SAG ISSUES

Janssen asserts multiple claims of reversible error in his SAG. We address each in turn. All fail.

### A. Effective Assistance of Counsel

Janssen first asserts that his trial counsel provided ineffective assistance in refusing to "fight" for him to have his new name, "Ali Akbar Muhammad," used during trial and in refusing to enter on his behalf a plea of not guilty by reason of insanity. SAG (Grounds One) at 1. Because these issues involve matters outside the trial record before us, we cannot consider them on direct appeal. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995).[8]

### B. Inferior-Degree Instruction

Janssen next asserts that the trial court erred by refusing his request for an inferior-degree instruction on third degree assault. We disagree.

In general, a defendant is entitled to any proper instructions that allow him to argue his theory of the case, so long as there is evidence to support the giving of such instructions. *State v.*

---

[8] The proper procedure for raising issues dependent on matters outside the record is by way of a personal restraint petition. *McFarland*, 127 Wn.2d at 335.

*Griffith*, 91 Wn.2d 572, 574-75, 589 P.2d 799 (1979). We review jury instructions de novo. *State v. Sibert*, 168 Wn.2d 306, 311, 230 P.3d 142 (2010).

We apply the following test to determine whether a defendant is entitled to an inferior degree instruction: A crime is an inferior degree of another when

> (1) the statutes for both the charged offense and the proposed inferior degree offense "proscribe but one offense"; (2) the information charges an offense is divided into degrees, and the proposed offense is an inferior degree of the charged offense; and (3) there is evidence that the defendant committed only the inferior offense.

*State v. Peterson*, 133 Wn.2d 885, 891, 948 P.2d 381 (1997) (internal quotation marks omitted) (quoting *State v. Foster*, 91 Wn.2d 466, 472, 589 P.2d 789 (1979) and *State v. Daniels*, 56 Wn. App. 646, 651, 784 P.2d 579 (1990)). *See also State v. Fernandez-Medina*, 141 Wn.2d 448, 454-455, 6 P.3d 1150 (2000). Here, we focus on the third component of this test.

Thus, we review the evidence to determine whether it supports the inference that Janssen committed only third degree assault: We hold that it does not. Even viewed in the light most favorable to Janssen, the evidence showed that he fired a shotgun twice at Morgan and Peters, hitting the front of their car and the windshield. As we held in *State v. Walther*, 114 Wn. App. 189, 192, 56 P.3d 1001 (2002) (emphasis added), "Any assault with a deadly weapon is *at least* a second degree assault"[9]; and any loaded firearm that "is readily capable of causing death or

---

[9] RCW 9A.36.021(1) provides, in part:
> A person is guilty of assault in the second degree if he or she, under circumstances not amounting to assault in the first degree: . . (c) Assaults another with a deadly weapon.

The legislature amended RCW 9A.36.021 in 2011. LAWS OF 2011, ch. 166, § 1. The amendments did not alter the statute in any way relevant to this case; accordingly, we cite the current version of the statute.

substantial bodily harm" is a deadly weapon (citing RCW 9A.04.110(6)[10]). Because Janssen used a firearm to assault Morgan and Peters, as a matter of law (1) he did not commit only third degree assault (even though he did not injure either officer with the shots he fired); and (2) therefore, he was not entitled to an instruction on third degree assault. We hold that the trial court properly denied Janssen's requested instruction.

### C. Witness Credibility

Janssen also asserts that the trial court did not accord him a fair hearing because the arresting officers lied about him when they testified that he had used the term "white power." SAG (Ground Four) at 1. Again, we disagree.

The record shows that the officers testified about Janssen's "white power" comment only at the CrR 3.5 hearing, at which the trial court was the finder of fact. VRP at 11, 20. The persuasiveness, credibility, and weight of the evidence are matters for the trier of fact and are not subject to our review. *See State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990); *State v. Walton*, 64 Wn. App. 410, 415-16, 824 P.2d 533, *review denied*, 119 Wn.2d 1011 (1992). Because we do not second-guess the trial court's evaluation of the officers' credibility, Janssen's claim fails.[11]

---

[10] The legislature amended RCW 9A.04.110 in 2011. LAWS OF 2011, ch. 336, § 350; and LAWS OF 2011, ch. 166, § 2. The amendments did not alter the statute in any way relevant to this case; accordingly, we cite the current version of the statute.

[11] Janssen also appears to assert that the remedy for these "lies" should be allowing withdrawal his guilty plea for the counts not involved in this appeal namely (harassment, two weapons charges, and an unrelated custodial assault). Janssen's guilty pleas for these other counts are not before us in this appeal; thus, we cannot address them. Moreover, his request to allow him to withdraw his guilty pleas to these other counts involves matters outside the record before us in this direct appeal. *See McFarland*, 127 Wn.2d at 338.

## D. Sufficiency of Evidence

Janssen next appears to argue that the trial court should not have allowed the first degree assault charges to reach the jury for deliberation because he did not intend to cause serious bodily injury to either Morgan or Peters when he fired the shotgun toward their patrol car.[12] Janssen is correct to the extent that intent to inflict great bodily harm is an element of first degree assault[13] that the State must prove beyond a reasonable doubt. We treat Janssen's claim as a challenge to the sufficiency of the evidence of his intent. Thus, we review the evidence in the light most favorable to the State in order to determine whether, based on the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *State v. Brockob*, 159 Wn.2d 311, 336, 150 P.3d 59 (2006).

The record before us on appeal contains no direct evidence of Janssen's intent. Again, we cannot go outside the record before us on appeal to consider Janssen's assertion in his SAG that he did not intend to harm the officers. Thus, in looking at the record as a whole, we evaluate the circumstantial evidence of his intent, which is no less reliable than direct evidence. *See State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980).

---

[12] When the State rested its case at trial, Janssen did not move to dismiss the first degree assault charges on grounds of insufficient proof of the intent element. Because the defense presented no case, the evidence was the same at the close of the State's case as it was when the jury considered it during its deliberations. In light of our evaluation of the sufficiency of the evidence, even if Janssen had moved to dismiss the State's case, he would have failed.

[13] RCW 9A.36.011(1)(a) provides:
> A person is guilty of assault in the first degree if he or she, with intent to inflict great bodily harm: (a) Assaults another with a firearm or any deadly weapon or by any force or means likely to produce great bodily harm or death.

No. 43325-7-II

We hold that the State presented sufficient evidence that Janssen assaulted Morgan and Peters with intent to cause great bodily harm. The record shows that he fired a shotgun twice toward Morgan and Peters' patrol car and that the second shot cracked the driver's side windshield. We hold that based on this evidence, a rational trier of fact could have found beyond a reasonable doubt the required element of intent to inflict great bodily harm.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Hunt, J.

We concur:

_____
Worswick. C.J.

_____
Maxa, J.

10