IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | |
|---|---|
| STATE OF WASHINGTON, ) | |
| ) | No. 32176-2-III |
| Respondent, ) | |
| ) | |
| v. ) | |
| ) | |
| SHARON LYNNE PROVOST, ) | UNPUBLISHED OPINION |
| ) | |
| Appellant. ) | |

KORSMO, J. — Sharon Provost appeals her conviction for one count of first degree animal cruelty, contending that her counsel provided ineffective assistance by failing to request an instruction on the inferior degree offense of second degree animal cruelty. Because the inferior offense was not available under the facts of this case, we affirm.

FACTS

Ms. Provost originally was tried and convicted in 2011 of four counts of first degree animal cruelty in the Adams County Superior Court involving four dead dogs found on her property. On appeal, this court rejected her sufficiency of the evidence arguments, but nonetheless reversed the convictions and ordered a new trial due to the

admission of evidence obtained by an invalid search warrant. *State v. Provost*, no. 30102-8-III.

At the retrial, the trial judge dismissed three of the counts for insufficient evidence, but permitted the remaining count to go to the jury. The defense argued that the dog involved on that count had accidentally strangled itself with the chain used to secure the animal. The jury, however, did convict Ms. Provost on that charge.[1] She again appealed to this court.

## ANALYSIS

The sole issue presented in this appeal is a contention that trial counsel rendered ineffective assistance by failing to request an instruction on the inferior offense of second degree animal cruelty. Counsel did not err because there was no factual basis for instructing the jury on that offense.

Well-settled standards apply to our review of the issue presented. The Sixth Amendment to the United States Constitution guarantees the right to counsel. The attorney must perform to the standards of the profession. Effectiveness of counsel is judged by the two-prong standard of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). That test is whether or not (1) counsel's performance failed to meet a standard of reasonableness, and (2) actual prejudice resulted from counsel's

---

[1] She also was convicted of the misdemeanor offense of confining animals in an unsafe manner. She does not challenge that conviction.

2

failures. *Id.* at 690-692. In evaluating ineffectiveness claims, courts must be highly deferential to counsel's decisions and there is a strong presumption that counsel performed adequately. A strategic or tactical decision is not a basis for finding error. *Id.* at 689-691. When a claim can be disposed of on one ground, a reviewing court need not consider both *Strickland* prongs. *State v. Foster*, 140 Wn. App. 266, 273, 166 P.3d 726, *review denied*, 162 Wn.2d 1007 (2007).

By statute, either party in a criminal case is entitled to an instruction on an inferior degree offense in appropriate circumstances. RCW 10.61.003.[2] These statutes are among the oldest surviving in the Revised Code of Washington, having their genesis in the Laws of 1854, § 123. In order to instruct on an inferior degree offense, there must be a factual basis for believing that only the inferior crime was committed. *State v. Fernandez-Medina*, 141 Wn.2d 448, 455, 6 P.3d 1150 (2000). This factual prong is not established merely by the fact that the jury might disregard some of the evidence in the case. "Instead, some evidence must be presented which affirmatively establishes the defendant's theory on the lesser included offense before an instruction will be given." *State v. Fowler*, 114 Wn.2d 59, 67, 785 P.2d 808 (1990).

First degree animal cruelty, as charged in this case, required proof that the defendant intentionally "with criminal negligence, starves, dehydrates, or suffocates an

---

[2] Statutes also provide that parties are entitled to instructions on included offenses and attempted crimes. RCW 10.61.006; .010.

animal and as a result" caused "death." RCW 16.52.205(2)(b); *see* Clerk's Papers at 486. Second degree animal cruelty is committed when, "under circumstances not amounting to first degree animal cruelty, the person knowingly, recklessly, or with criminal negligence inflicts unnecessary suffering or pain upon an animal." RCW 16.52.207(1).[3]

Ms. Provost argues that because she did not intend to kill the dog, the jury could have concluded that she merely mistreated the animal and, thus, convict her of second degree animal cruelty. Her argument misapprehends both statutes. First degree animal cruelty, as charged in this instance, required that the State establish Ms. Provost acted intentionally and, thereby negligently caused the animal to die. The State was not required to prove that Ms. Provost intended to kill the animal, but only that her intentional actions negligently caused death. In contrast, second degree animal cruelty required knowing, reckless, or negligent infliction of unnecessary suffering or pain, short of committing first degree animal cruelty.

The critical *fact* here is that the dog died. Because of that fact, there was no ability for the jury to establish second degree animal cruelty to the exclusion of first degree animal cruelty. Either Ms. Provost caused the dog's death (the State's version of the case) or she did not (Ms. Provost's version of the case). The fact of the dog's death

---

[3] Other methods of committing second degree animal cruelty include failing to provide for the animal or abandoning the animal. RCW 16.52.207(2), (3). The subsection (1) alternative quoted above appears to be the best fit as a possible alternative to the charged offense.

precluded the determination that Ms. Provost's behavior caused *only* suffering or pain. Thus, there was no factual basis for finding that *only* second degree animal cruelty had taken place.[4] Trial counsel understandably focused on the causation issue rather than argue that his client had mistreated the animal, but had not killed it.[5]

---

[4] Ms. Provost argues that the jury could have accepted her argument that she did not cause death, but still mistreated the animal, thus entitling her to an instruction on second degree animal cruelty. This argument simply is contrary to the meaning of the factual prong as explained in *Fernandez-Medina.* There the court reaffirmed that the factual prong requires the evidence to affirmatively show one crime was committed; a factual showing does not arise from the failure to prove the greater offense. 141 Wn.2d at 455. Moreover, if the jury accepted the argument that she did not cause the death of the animal, the jury would have had to acquit her, a far superior option than directing the jury to consider a lesser offense because the State had failed to prove its case.

[5] It also is highly likely that defense counsel, having a somewhat sympathetic elderly client and only one felony count remaining, tactically chose not to pursue an included offense that would have required him to admit to his client's bad behavior. Since we resolve this on the factual basis prong, we do not address this aspect of *Strickland.* We do note, however, that the record of this case takes the matter outside of the fact pattern of *Crace v. Herzog*, no. 13-35650 (9th Cir. Aug. 14, 2015). In *Crace*, submitted by Ms. Provost as additional authority, defense counsel admitted he did not consider the possibility of a lesser included offense. *Id.* at 23. We have no similar record here, nor does the record indicate Ms. Provost's desires on the matter. *See* RPC 1.2(a) requiring counsel to abide by the client's desire concerning the objectives of representation and requiring counsel to consult concerning the means. For all this record indicates, Ms. Provost preferred an all or nothing outcome rather than conviction of a lesser included offense that would likely leave her unable to possess other animals.

No. 32176-2-III
*State v. Provost*

Because an inferior degree instruction was not available under the facts of this case as a matter of state law, counsel could not have erred in failing to request one. Ms. Provost thus has not carried her burden of showing that counsel erred under the *Strickland* standard. She therefore has not established that counsel performed ineffectively.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, J.

WE CONCUR:

Siddoway, C.J.

Lawrence-Berrey, J.

6