# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50154-6-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JOEY LEE McMILLAN, | |
| Appellant. | |

MAXA, C.J. – Joey McMillan appeals his convictions of second degree burglary and third degree malicious mischief. We hold that the trial court did not err in declining to give two jury instructions that McMillan proposed: (1) an instruction that modified the statutory definition of "enters or remains unlawfully" to add a knowledge requirement, and (2) a lesser included offense instruction for first degree criminal trespass. Accordingly, we affirm McMillan's convictions.

## FACTS

On Saturday, June 25, 2016, Noel Vas went into the Washington State Auditor's Office in Tumwater, where he worked. He noticed some ceiling tiles and wires dangling near the wall and saw McMillan in a co-worker's cubicle on his hands and knees. Vas called 911 and reported that there was an intruder in the building.

Tumwater Police Officer Tye Hollinger located McMillan inside the building. Hollinger arrested McMillan and in a search incident to arrest discovered what appeared to be a used hypodermic syringe. Hollinger spoke with McMillan, who explained that earlier that day he had purchased heroin and methamphetamine and used both at the same time. He admitted entering

the building through a back door that had not been properly secured, and he admitted causing damage to the facility. McMillan explained that he went into the building because people were hiding from him.

Hollinger believed that McMillan was under the influence of methamphetamine. But Hollinger noted that McMillan was able to speak coherently and cooperatively, that he had no difficulties speaking with McMillan, and that McMillan appeared to have no problems remembering what had happened.

Hollinger identified damage throughout the IT department. In the breakroom, chairs were overturned and torn and the refrigerator was pulled out. In the hallway, a knife was stuck in a door jamb. And near Vas's office, ceiling tiles were removed and electrical and network wires were cut.

The State charged McMillan with second degree burglary and second degree malicious mischief.

At trial, McMillan provided expert testimony from a psychologist, Michael Stanfill, Ph.D. Stanfill testified that because McMillan was under the influence of drugs, he lacked the capacity to form intent as it related to the burglary charge. Specifically, he stated that McMillan did not have the capacity to intend to unlawfully enter a building or intend to commit a crime therein. Stanfill described McMillan as suffering from delusions that people were hiding from him, following or chasing him, and spying on him.

However, Stanfill testified that McMillan did have the capacity to form an intent regarding the malicious mischief charge. According to Stanfill, McMillan understood that he was causing damage to property.

McMillan proposed an instruction that modified the statutory definition of "enters or remains unlawfully in or upon premises" in the definition of burglary to add a requirement that a person must be *aware* that he or she had entered or remained unlawfully. The State argued that it was only required to prove intent to commit a crime within the building, not intent to enter or remain unlawfully. The trial court rejected the proposed instruction, finding that the law did not support it.

McMillan also proposed a jury instruction on first degree criminal trespass as a lesser included offense of second degree burglary. He based this request on testimony from Stanfill, who stated that McMillan told him that he did not realize he was unlawfully in the building until after he had caused damage inside. McMillan told Stanfill that he came to this realization when Vas confronted him. McMillan argued that from the time of that realization until the police arrested him, he was committing only the crime of criminal trespass. The trial court rejected the proposed lesser included offense instruction.

The jury found McMillan guilty of second degree burglary, not guilty of second degree malicious mischief, and guilty of the lesser offense of third degree malicious mischief. McMillan appeals his convictions.

## ANALYSIS

### A.    BURGLARY INSTRUCTION

McMillan argues that the court erred in declining to give his proposed instruction that modified the statutory definition of "enters or remains unlawfully" to add a knowledge requirement. We disagree.

1.  Legal Principles

In general, we review a trial court's choice of jury instructions for an abuse of discretion. *State v. Hathaway*, 161 Wn. App. 634, 647, 251 P.3d 253 (2011). However, we review de novo the refusal to give an instruction based on a ruling of law. *State v. Cordero*, 170 Wn. App. 351, 369, 284 P.3d 773 (2012).

Jury instructions are appropriate if they allow a defendant to argue his or her theories of the case, are not misleading, and when read as a whole properly state the applicable law. *State v. Aguirre*, 168 Wn.2d 350, 363-64, 229 P.3d 669 (2010). It is not error to refuse to give a specific instruction when a more general instruction adequately explains the law and allows each party to argue its theories of the case. *Hathaway*, 161 Wn. App. at 647.

2.  Analysis

Under RCW 9A.52.030(1), a person is guilty of second degree burglary when he or she "enters or remains unlawfully" in a building with the intent to commit a crime therein. RCW 9A.52.010(2) states, "A person 'enters or remains unlawfully' in or upon premises when he or she is not then licensed, invited, or otherwise privileged to so enter or remain." The trial court gave a jury instruction that was virtually identical to RCW 9A.52.010(2). The same language is contained in Washington Pattern Instruction Criminal 65.02.[1]

McMillan proposed that additional language be inserted at the end of the standard instruction: "and *is aware of the fact* that he or she is not then licensed, invited, or otherwise privileged to so enter or remain." Clerk's Papers at 66 (emphasis added). He claims that a

---

[1] 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 65.02, at 39 (4th ed. 2016).

knowledge component must be implied in the burglary statute. However, neither RCW 9A.52.030(1) nor RCW 9A.52.010(2) support this argument. RCW 9A.52.030(1) does not state that a person must "knowingly" enter or remain in a building unlawfully in order to commit burglary, just that he or she enter or remain unlawfully. The definition of "enters or remains unlawfully" in RCW 9A.52.010(2) does not contain a knowledge requirement. And the cases McMillan cites do not support such a requirement. *See State v. Allen,* 127 Wn. App. 125, 137, 110 P.3d 849 (2005) (comparing intent to commit a crime before and after entering building lawfully and unlawfully).

Further, the legislature imposed an express knowledge requirement for criminal trespass, which occurs when a defendant "*knowingly* enters or remains unlawfully in a building." RCW 9A.52.070(1) (emphasis added). The absence of the same language in the burglary statute shows that the legislature did not intend to impose such a requirement for burglary. *See State v. Slattum*, 173 Wn. App. 640, 655, 295 P.3d 788, 796 (2013) (stating that when the legislature omits language from a statute, the court will not read the omitted language into the statute).

RCW 9A.52.010(2) states the applicable definition of "enters or remains unlawfully." We hold that the trial court did not err by giving an instruction that used the statutory language. *See State v. Harris*, 164 Wn. App. 377, 387, 263 P.3d 1276 (2011) (stating that a trial court should instruct based on the statutory language when the statute expresses the law governing the case).

B.      LESSER INCLUDED OFFENSE INSTRUCTION – CRIMINAL TRESPASS

McMillan argues that the trial court erred in declining to give a lesser included offense instruction on first degree criminal trespass. We disagree.

1. Legal Principles

A defendant is entitled to a lesser included instruction if "(1) each element of the lesser offense is a necessary element of the offense charged (legal prong) and (2) the evidence, viewed most favorably to the defendant, supports an inference that only the lesser crime was committed (factual prong)." *State v. Hahn*, 174 Wn.2d 126, 129, 271 P.3d 892 (2012) (citing *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978)).

A lesser included offense instruction must be given if requested when the evidence would allow the jury to find the defendant guilty of the lesser offense and acquit him or her of the greater offense. *State v. Fernandez-Medina*, 141 Wn.2d 448, 456, 6 P.3d 1150 (2000). However, "the evidence must affirmatively establish the defendant's theory of the case – it is not enough that the jury might disbelieve the evidence pointing to guilt." *Id.*

As noted above, the elements of second degree burglary are entering or remaining unlawfully in a building with the intent to commit a crime therein. RCW 9A.52.030(1). First degree criminal trespass occurs when the defendant "knowingly enters or remains unlawfully in a building." RCW 9A.52.070(1).

2. Factual Prong Analysis

Here, the parties focus only on the factual prong of the test for giving a lesser included offense instruction. Therefore, we do not address the legal prong: whether first degree criminal trespass is a lesser included offense of second degree burglary.[2]

---

[2] Several cases hold that first degree criminal trespass is a lesser included offense of second degree burglary. *E.g.*, *State v. Olson*, 182 Wn. App. 362, 375, 329 P.3d 121 (2014). However, as discussed above, a knowing unlawful entry is required for first degree criminal trespass but not for second degree burglary. Therefore, we question whether the legal prong is satisfied here.

The issue is whether the evidence supports an inference that McMillan committed *only* first degree criminal trespass. McMillan argues that the evidence supported a finding that (1) he did not have the mental capacity to know that he was not authorized to enter or remain in the building when he damaged the property inside; (2) he became aware that he was in the building unlawfully only after Vas confronted him, when the damage already had occurred; and (3) he committed criminal trespass when he remained in the building after becoming aware that he was in the building unlawfully. McMillan claims that these findings would have allowed the jury to convict him of criminal trespass but acquit him of burglary.

However, McMillan's argument is based on his position that a person "enters or remains unlawfully" in a building only if the person is aware that he or she is acting unlawfully. As discussed above, we reject that position. Therefore, the only evidence presented to the jury was that McMillan entered the building unlawfully and also remained in the building unlawfully during the entire time he was inside. And the undisputed evidence from Stanfill was that McMillan had the capacity to intend to damage property inside the building. Therefore, the jury could not have found him guilty only of criminal trespass during the time he remained in the building but after he caused the damage.

We hold that the trial court did not err in denying McMillan's request for a lesser included instruction.

No. 50154-6-II

## CONCLUSION

We affirm McMillan's convictions.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
MAXA, C.J.

We concur:

_____
JOHANSON, J.

_____
SUTTON, J.

8