IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

                Respondent,

    v.

CRYSTAL MONIZ,

                Appellant.

No. 80173-2

DIVISION ONE

UNPUBLISHED OPINION

LEACH, J. — Crystal Moniz appeals her conviction for residential burglary. She claims the trial court should have instructed the jury on the lesser included offense of second degree criminal trespass. She also challenges a judgment provision for interest on non-restitution financial obligations. We affirm her conviction because any failure to instruct the jury on second degree criminal trespass was harmless. The State concedes the non-restitution financial obligations should not bear interest. So, we remand to correct the judgment and sentence provision about interest.

BACKGROUND

On November 13, 2016, Crystal Moniz and her sister, Katie Moniz, were driving from a casino when Daniel Bateman called to tell Katie he ran out of gas and needed help. Bateman asked them to drive him to a friend's house to get a gas can. When they arrived at the house, Bateman asked Crystal to knock on the front door and get a gas can. Crystal walked up to the house, rang the doorbell, and left when she received no response. A short time later, Crystal returned to the house, rang the doorbell, knocked

Citations and pin cites are based on the Westlaw online version of the cited material.

on the door for about three minutes, and then went back to the car. Crystal then saw Bateman exit the rear of the car with a mask on, jump the fence, and head to the rear of the house. He left the front door of the house carrying items from inside the house, which included jewelry, crosses, and rosaries. A security camera captured these events.

The Schumachers owned the burglarized house. Ms. Shumacher identified the jewelry taken, and a ring pawned by Katie in the burglary.

William Jess Geoghagan, a detective sergeant with the Snohomish County Sheriff's Office approached Crystal at her home. She asked him if she was going to be arrested. She identified herself as the person in the security camera video. Geoghagan arrested Crystal. The State charged Crystal with one count of residential burglary.

At trial, Crystal requested instructions for the lesser included offenses of first and second degree criminal trespass. The trial court denied the instruction for the lesser included offense of second degree criminal trespass but allowed for the instruction on the lesser included offense of first degree criminal trespass.

The jury found Crystal guilty of residential burglary. Crystal appeals.

ANALYSIS

Crystal claims the trial court should have instructed the jury on the lesser included offense of second degree criminal trespass as she requested. A defendant is entitled to a lesser included instruction if "(1) each element of the lesser offense is a necessary element of the offense charged (legal prong), and (2) the evidence, viewed most favorably

to the defendant, supports an inference that only the lesser crime was committed (factual prong)."[1]

A lesser included offense instruction must be given if requested when the evidence would allow the jury to find the defendant guilty of the lesser offense and acquit her of the greater offense.[2] However, "the evidence must affirmatively establish the defendant's theory of the case – it is not enough that the jury might disbelieve the evidence pointing to guilt."[3]

To convict a person of residential burglary, the State must show the defendant entered or remained unlawfully in a dwelling with the intent to commit a crime against a person or property therein.[4]

To convict a person of second degree criminal trespass, the State must show the defendant knowingly entered or remained unlawfully in or upon the premises of another under circumstances not constituting criminal trespass in the first degree.[5] A person is guilty of first degree criminal trespass if the defendant knowingly enters or remains unlawfully in a building.[6]

The State contends second degree trespass is not a lesser included offense of residential burglary. We do not need to decide this issue. In the context of lesser included offenses, this court has stated the omission of an instruction is a harmless error if "the

---

[1] State v. Hahn, 174 Wn.2d 126, 129, 271 P.3d 892 (2012) (citing State v. Workman, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978)).
[2] State v. Fernandez-Medina, 141 Wn.2d 448, 456, 6 P.3d 1150 (2000).
[3] Fernandez-Medina, 141 Wn.2d at 456.
[4] RCW 9A.52.025.
[5] RCW 9A.52.080.
[6] RCW 9A.52.070.

factual question posed by the omitted instruction was necessarily resolved adversely to the defendant under other, properly given instructions."[7]

Crystal claims, viewed in the light most favorable to her, the jury could have found she did not intend to commit, or participate in the commission of, any crime either time she entered the Schumacher's property. She denied having any knowledge of Bateman's intent to burglarize the Schumacher's home. Here, the jury found Crystal committed residential burglary beyond a reasonable doubt. And, the jury was instructed on first degree criminal trespass, which included the same relevant elements as second degree criminal trespass. This means the jury resolved the issue of whether Moniz intended to commit a crime against the Schumacher's property adversely to Moniz. So, giving the jury an instruction for second degree residential burglary would not have changed the outcome here. Any failure to give an instruction on second degree criminal trespass was harmless.

Legal Financial Obligations

Crystal claims, and the State concedes, the judgment and sentence should be amended to reflect the order for interest accrual relates only to the restitution imposed. Because "no interest shall accrue on non-restitution legal financial obligations,"[8] we accept the State's concession and remand to the trial court to amend the judgment and sentence to include interest only on the restitution obligations.

---

[7] State v. Hansen, 46 Wn. App. 292, 297, 730 P.2d 706 (1986), 737 P.2d 670 (1987).
[8] RCW 10.82.090(1).

CONCLUSION

We affirm in part and reverse in part. Crystal fails to show that an instruction for second degree criminal trespass would have changed the outcome here. But, because the trial court cannot order interest on non-restitution legal financial obligations, we remand for the trial court to amend the judgment and sentence accordingly.

_____Leach, J._____

WE CONCUR:

_____Chun, J._____        _____Appelwick, J._____