# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of | No. 56053-4-II |
| BRIAN McEVOY, | UNPUBLISHED OPINION |
| Petitioner. | |

MAXA, J. – In this personal restraint petition (PRP), Brian McEvoy seeks relief from personal restraint imposed following his 2014 conviction for felony harassment. He argues that the trial court erred in denying his request for a lesser included offense jury instruction on misdemeanor harassment.

McEvoy made the same argument in his first direct appeal, and this court held that the trial court did not err. *State v. McEvoy*, No. 46795-0-II, slip op. at 20-22 (Wash. Ct. App. June 14, 2016) (unpublished), https://www.courts.wa.gov/opinions/pdf/D2%2046795-0-II%20Unpublished%20Opinion.pdf (*McEvoy* I). McEvoy now argues that this court should reexamine this issue in the interests of justice because *State v. Coryell*, 197 Wn.2d 397, 483 P.3d 98 (2021), constituted an intervening change in law.

We hold that *Coryell* does not justify our reexamination of this court's prior decision on direct appeal. Accordingly, we deny McEvoy's PRP.

## FACTS

In 2014, a jury found McEvoy guilty of 12 offenses, including felony harassment. That conviction arose out of a telephone call McEvoy made to his wife Kara in which he made statements that included, "You know what Kara, you've got a very short time on this earth. You

better hope somebody finds me before I find you." and "I'm gonna find you, Kara. You and I are gonna have one last reckoning, I guarantee that." *McEvoy*, slip op. at 4. The trial court declined to give a lesser included offense instruction on misdemeanor harassment.

On appeal, McEvoy argued in part that the trial court had erred when it refused to instruct the jury on misdemeanor harassment, a lesser included offense of felony harassment. *Id.* at 20. This court held in *McEvoy* I that the trial court did not abuse its discretion when it declined to provide the lesser included offense jury instruction. *Id.* at 22.

This court vacated two of McEvoy's other convictions and remanded the case to the trial court for resentencing. *Id.* at 24-25. After two more appeals, this court issued a mandate in July 2020.

In May 2021, McEvoy filed a CrR 7.8 motion in the trial court to vacate the felony harassment conviction. He argued that the trial court had erred when it failed to provide a lesser included offense jury instruction on misdemeanor harassment. The trial court found that McEvoy's motion was not time barred, but determined that he did not make a substantial showing that he was entitled to relief and that resolution of the CrR 7.8 motion did not require a factual hearing. Therefore, the court transferred McEvoy's CrR 7.8 motion to this court as a PRP pursuant to CrR 7.8(c)(2).

ANALYSIS

A.     PRP PRINCIPLES

A PRP may not raise an issue that already has been raised and rejected on direct appeal unless the interests of justice require reexamining the issue. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 17, 296 P.3d 872 (2013). The interests of justice are served by reconsidering an issue when there has been an intervening change in law or some other justification for failing to raise a

crucial argument earlier. *Id.* A PRP "should not simply be reiteration of issues finally resolved at trial and direct review, but rather should raise new points of fact and law that were not or could not have been raised in the principal action." *In re Pers. Restraint of Gentry*, 137 Wn.2d 378, 388-89, 972 P.2d 1250 (1999).

B.      INTERVENING CHANGE IN THE LAW

McEvoy argues that *Coryell* is an intervening change in the law that justifies this court reexamining his claim that the trial court erred in declining to instruct the jury on the lesser included offense of misdemeanor harassment, which this court previously addressed and rejected on direct appeal. We disagree.

1.     Legal Principles

There is a two-pronged test for determining whether a lesser included offense instruction must be given: when "(1) each of the elements of the lesser offense is a necessary element of the offense charged (legal prong) and (2) evidence in the case supports an inference that the lesser crime was committed (factual prong)." *Coryell*, 197 Wn.2d at 400 (citing *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978)).

In *State v. Fernandez-Medina*, the Supreme Court described the factual prong as requiring evidence that "must raise an inference that *only* the lesser included/inferior degree offense was committed to the exclusion of the charged offense." 141 Wn.2d 448, 455, 6 P.3d 1150 (2000). The Supreme Court subsequently elaborated that under the factual prong, "[a] jury must be allowed to consider a lesser included offense if the evidence, when viewed in the light most favorable to the defendant, raises an inference that the defendant committed the lesser crime instead of the greater crime." *State v. Henderson*, 182 Wn.2d 734, 736, 344 P.3d 1207 (2015).

2. *Coryell*

The Supreme Court in *Coryell* acknowledged that the " 'to the *exclusion* of the [greater] charged offense' " language in *Fernandez-Medina* created some confusion regarding the factual prong. 197 Wn.2d at 400 (alteration in original) (quoting *Fernandez-Medina*, 141 Wn.2d at 455). However, the court clarified that *Fernandez-Medina* did not announce a new standard under the factual prong, and instead remained consistent with the *Workman* test. *Coryell*, 197 Wn.2d at 406-07. The court explained that "[t]he word 'only' is meant to suggest that a jury might have a reasonable doubt about whether the charged crime was committed but may find that, instead, the lesser crime was committed." *Id.* at 414.

The court specifically addressed *Fernandez-Medina*:

Read in isolation, we might agree that the language in *Fernandez-Medina* departs from *Workman*. But in context, it is an attempt to state more clearly a principle that is simple in the abstract and often complicated in the specific: a defendant is entitled to a lesser included instruction based on the evidence actually admitted. A defendant is not entitled to a lesser included instruction merely because a jury could ignore some of the evidence. The factual prong of *Workman* is satisfied only if based on some evidence admitted, the jury could reject the greater charge and return a guilty verdict on the lesser.

*Id.* at 406-07.

3. *McEvoy* I Decision

In the opinion in McEvoy's first direct appeal, this court did not cite to *Fernandez-Medina* or suggest that a lesser included offense instruction was required if "*only* the lesser included/inferior degree offense was committed to the exclusion of the charged offense." *Fernandez-Medina*, 141 Wn.2d at 455. Instead, this court cited to *Workman* for the proposition that "under the factual prong the evidence must support an inference that the included crime was committed." *McEvoy*, slip op. at 21. The court also quoted *Henderson*: " 'If a jury could

rationally find a defendant guilty of the lesser offense and not the greater offense, the jury must be instructed on the lesser offense.' " *Id.* (quoting *Henderson*, 182 Wn.2d at 736).

Harassment includes threatening to cause bodily injury to a person, RCW 9A.46.020(1)(a)(i), and harassment is a felony if the threat is to kill a person, RCW 9A.46.020(2)(b)(ii). Applying the legal principles recited above, this court in *McEvoy* I concluded that no reasonable juror could find that McEvoy's comments to Kara implied only a threat to cause bodily injury and not a threat to kill. Slip op. at 22.[1]

4.    Analysis

We conclude that McEvoy is not entitled to have us reexamine his lesser included offense instruction claim for two reasons. First, we conclude that *Coryell* did not announce an intervening change in law. As the court in *Coryell* itself explained, it merely clarified *Fernandez-Medina* and provided additional context on how courts should assess whether the factual prong has been met. *Id.* at 406-07.

Second, this court's opinion in *McEvoy* I is consistent with the law as stated in *Coryell*. In *Coryell*, the court stated the rule: "The factual prong of *Workman* is satisfied only if based on some evidence admitted, the jury could reject the greater charge and return a guilty verdict on the lesser." *Id.* at 407. This court stated and applied essentially the same rule in *McEvoy* I. Slip op. at 21. This court concluded that no reasonable jury could reject felony harassment and return a guilty verdict on misdemeanor harassment. *Id.* at 22.

---

[1] McEvoy argues that this court in *McEvoy* I did not reach the merits of his lesser included offense jury instruction challenge. But this court declined to address a completely separate argument that the factual prong legal principles in *Henderson* "violates RCW 94.04.100(2)." *McEvoy* I, slip op. at 21 n.9. There is no question that the court fully addressed McEvoy's lesser included offense jury instruction challenge under the *Workman* test. *Id.* at 20-22.

Therefore, we do not address the merits of McEvoy's claim that the trial court erred when it declined to provide a lesser included offense jury instruction on misdemeanor harassment.

CONCLUSION

We deny McEvoy's PRP.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

WORSWICK, J.

CRUSER, A.C.J.