IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40079-4-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TAMARA CUEVAS OZUNA, | ) | |
| | ) | |
| Appellant. | ) | |

MURPHY, J. — Tamara Ozuna was convicted after a jury trial of third degree

assault and obstructing a law enforcement officer. On appeal, Ozuna argues the trial court

erred by failing to instruct the jury on a lesser included offense of fourth degree assault.

We disagree and affirm.

FACTS

Law enforcement were dispatched to a residence in Royal City for an alleged

domestic disturbance that had become physical. Once at the residence they encountered

Tamara Ozuna, who was crying, screaming, yelling, and highly agitated. At some point

during their investigation, the officers made a decision to detain Ozuna, and she struggled

with them inside the residence as they attempted to put her in handcuffs. Once detained,

multiple officers walked Ozuna out to a patrol vehicle with the plan to sit Ozuna in the

rear passenger seat of one of the patrol cars. Sergeant Mark Pannek of the Grant County

Sheriff's Office[1] opened the patrol car door to place Ozuna inside. Pannek testified Ozuna was verbally accosting him while looking directly at him. Ozuna then faced Pannek, he heard a noise from the back of her throat, and she spit. The spit landed on Pannek's glasses, left cheek, and forehead. Ozuna testified that her words and the spit were directed toward her uncle who had followed the officers outside and who had said something to her that triggered this response.

Ozuna was charged with third degree assault relative to her interaction with Sergeant Pannek and with obstructing a law enforcement officer. Trial proceeded with the State's position on the third degree assault charge being that Ozuna assaulted Pannek, a law enforcement officer, while Pannek was performing official duties. The State's proposed jury instructions included an instruction on third degree assault that identified Pannek by name as the person against whom it was alleged Ozuna committed a crime. The defense also proposed jury instructions, but did not propose an alternate instruction on third degree assault.

During the jury instruction conference at the close of trial testimony, the State proposed an additional instruction on transferred intent. This request was based on Ozuna's trial testimony that she intended to spit toward her uncle. The State's argument

---

[1] Mark Pannek is referred to interchangeably in the record on review as a sergeant and deputy. Consistent with his testimony at trial, we refer to him as Sergeant Pannek.

was that, even if the jury accepted this portion of Ozuna's testimony to be true, then

Ozuna's intent to spit at her uncle transferred to Sergeant Pannek when Ozuna's spit hit

Pannek.

The defense denied that any assault had occurred, but if the State planned to argue

transferred intent, the defense position was that Ozuna's stated conduct toward her uncle

was consistent with fourth degree assault. Defense counsel requested a lesser included

fourth degree assault instruction:

> I would argue that her intent was—if anything, was a simple assault, fourth
> degree, that the fact that Sergeant Pannek was a law enforcement officer is
> not transferred from a civilian who is not a law enforcement officer. The
> civilian would be an assault four. A spit—the person was about ten feet
> away. So I'm not even going to declare that the intent was to assault her
> uncle.

1 Rep. of Proc. (RP) (Nov. 1, 2023) at 173-74. The defense objected to a transferred

intent instruction, arguing there was no evidence Ozuna acted with intent to assault

anyone given the testimony that her uncle was anywhere from 10 to 15 feet away from

Ozuna. The defense position was that transferred intent must relate to the original crime,

which would be fourth degree assault if Ozuna was intending to spit on her uncle. Ozuna

admitted that she spat toward her uncle, but disputed that she intended for the spit to land

on him.

The trial court then engaged in the following colloquy with the prosecutor:

3

THE COURT: So the thing I am curious on the [S]tate is are you essentially adopting their theory of the case and making a transferred intent argument, or are you arguing that she intentionally spat in the officer's face?

[THE PROSECUTOR]: I'm going to argue both. I'm going to argue that based on the facts of the case, everything appeared to have been directed towards law enforcement, including the testimony from the officers that she looked directly at Sergeant Pannek while saying what she said and then spat.

And then, alternatively, if you do not find that beyond a reasonable doubt, then she's now saying that—and admitted that she intentionally spat, and that it was directed towards her cousin—uncle, whoever. And that because the assault was intentional and did not hit the uncle, but in fact hit [Sergeant] Pannek, that an assault three still occurred, regardless.

1 RP (Nov. 1, 2023) at 180.

After the trial court had the relevant testimony of Ozuna read back verbatim to the court and counsel, it concluded that it was fair for the State to argue that Ozuna spit toward her uncle with the intent to hit him based on the facts and circumstances presented. Further, if the jury accepted that theory, and found an assault occurred based on the doctrine of transferred intent, an accused's knowledge of the victim being a law enforcement officer was not required to prove third degree assault. Therefore, the trial court concluded it would not be appropriate to instruct the jury on fourth degree assault as a lesser included offense. The crime pursued by the State was third degree assault and the jury could determine what evidence was credible. Ultimately, the trial court

4

determined the transferred intent instruction was appropriate and it would allow both

sides to argue their respective cases.

The jury was instructed on the elements of third degree assault:

> To convict the defendant of the crime of assault in the third degree, each of the following elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about November 13, 2022, the defendant assaulted [Sergeant] Mark Pannek;
> (2) That at the time of the assault Mark Pannek was a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties; and
> (3) That any of these acts occurred in the State of Washington.
> If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
> On the other hand, if after weighing all the evidence you have a reasonable doubt as to any one of these elements, then it will be your duty to return a verdict of not guilty.

Clerk's Papers (CP) at 135.

The jury was also instructed on the doctrine of transferred intent:

> If a person acts with intent to assault another, but the act harms a third person, the actor is also deemed to have acted with intent to assault the third person.

CP at 131.

During closing argument, the State argued that the elements of third degree assault

were met when Ozuna spit on Sergeant Pannek with the intent to do so, or, alternatively,

if Ozuna intended to spit on her uncle, when her intent to assault her uncle transferred to

5

Pannek. The defense argued that Ozuna only meant to spit toward her uncle to express anger, but she did not intend to hit anyone, and, if she did, then the spit was not directed at any law enforcement officer.

The jury found Ozuna guilty of third degree assault and obstructing a law enforcement officer.

Ozuna timely appeals, assigning error to the trial court's denial of her request to instruct the jury on a lesser included offense of third degree assault.

ANALYSIS

When a trial court's decision to grant or deny a jury instruction is based on a legal conclusion, our review is de novo. *See State v. Coryell*, 197 Wn.2d 397, 405, 483 P.3d 98 (2021) (citing *State v. Condon*, 182 Wn.2d 307, 315-16, 343 P.3d 357 (2015)). In this case, both Ozuna and the State agree that our review is de novo. The trial court here concluded as a matter of law that the lesser included instruction of fourth degree assault was not applicable because Ozuna's knowledge of Sergeant Pannek being a law enforcement officer was not a required element to prove third degree assault.

Both the federal and state constitutions guarantee a defendant the right to defend against criminal allegations. *State v. Ward*, 8 Wn. App. 2d 365, 370, 438 P.3d 588 (2019) (citing U.S. CONST. amend. VI; WASH. CONST. art. I, §§ 21, 22). "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend

against the State's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973). A criminal defendant is entitled to instructions that allow argument on their case theory. *State v. Fernandez-Medina*, 141 Wn.2d 448, 461-62, 6 P.3d 1150 (2000); *State v. Tili*, 139 Wn.2d 107, 126, 985 P.2d 365 (1999). "A jury must be allowed to consider a lesser included offense if the evidence, when viewed in the light most favorable to the defendant, raises an inference that the defendant committed the lesser crime instead of the greater crime." *State v. Henderson*, 182 Wn.2d 734, 736, 344 P.3d 1207 (2015) (citing *Fernandez-Medina*, 141 Wn.2d at 455-56).

A defendant is entitled to an instruction on a lesser included offense if two conditions are met. *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978); *see* RCW 10.61.003. First, under the legal prong, "each of the elements of the lesser offense must be a necessary element of the offense charged." *Workman*, 90 Wn.2d at 447-48. Second, under the factual prong, "the evidence in the case must support an inference that the lesser crime was committed." *Id*. at 448. Under the factual prong, "[i]f the evidence would permit a jury to rationally find a defendant guilty of the lesser offense and acquit [them] of the greater, a lesser included offense instruction should be given." *State v. Berlin*, 133 Wn.2d 541, 551, 947 P.2d 700 (1997); *see also Workman*, 90 Wn.2d at 448.

"A person is guilty of assault in the third degree if . . . under circumstances not amounting to assault in the first or second degree . . . [they assault] a law enforcement

7

officer or other employee of a law enforcement agency who was performing [their] official duties at the time of the assault." RCW 9A.36.031(1)(g). "A person is guilty of assault in the fourth degree if, under circumstances not amounting to assault in the first, second, or third degree . . . [they] assault[] another." RCW 9A.36.041(1).

Originally a principle of the common law, the doctrine of transferred intent indicates that "[i]f a person acts with intent to . . . [assault] . . . another, but the act harms a third person, the actor is also deemed to have acted with intent to . . . [assault] . . . the third person." 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 10.01.01, at 227-28 (5th ed. 2021) (WPIC) (some alterations in original). Intent can also transfer as a matter of statutory construction. *State v. Wilson*, 125 Wn.2d 212, 218-19, 883 P.2d 320 (1994). "When the statutory elements require a particular intent, but the required intent is not matched with a particular victim, then the defendant's intent transfers to an unintended victim, regardless of the application of the common law doctrine." WPIC 10.01.01, cmt. at 228 (citing *Wilson*, 125 Wn.2d at 218-19).

Here, Ozuna claims fourth degree assault was a lesser included offense of third degree assault of a law enforcement officer, and it was error for the trial court not to instruct the jury on fourth degree assault. We disagree.

The parties agree that the legal prong of the *Workman* test has been met. Only the factual prong is at issue. It is undisputed that Ozuna intentionally spit and that her spit

landed on a law enforcement officer. The only disputed issue was whether Ozuna intended her spit to hit the officer, her uncle, or the ground. Ozuna argues the jury could reasonably have found she intended to spit on her uncle and, therefore, was guilty of only fourth degree assault. This is a misapplication of the law. Even if Ozuna only intended to spit on her uncle rather than on the police officer, she would still be guilty of assault in the third degree because her intent transferred to her actual victim, a law enforcement officer.

Ozuna's testified that "[she] was trying to spit toward[] [her] uncle." 1 RP (Nov. 1, 2023) at 173. Under the doctrine of transferred intent, Ozuna's intent to cause a particular harm to her uncle transferred to the law enforcement officer she actually spat upon, so that she "may be convicted of assaulting an unintended victim based on mens rea established with regard to the intended victim." WPIC 10.01.01, cmt. at 227. *Wilson*, 125 Wn.2d at 218 ("[O]nce the intent to inflict . . . bodily harm is established, usually by proving that the defendant intended to inflict . . . bodily harm on a specific person, the mens rea is transferred . . . to any unintended victim."). Notably, under third degree assault, an accused need not be aware that the victim is a law enforcement officer. Rather, the only intent required is the intent to assault. The status of the victim is a strict liability element. *State v. Brown*, 140 Wn.2d 456, 458, 998 P.2d 321 (2000) ("[T]he State is not required to charge and prove that a defendant at the time of the assault knew the victim

was a law enforcement officer engaged in the performance of official duties" to obtain a conviction for third degree assault.).

There is no evidence that would permit a jury to rationally find Ozuna guilty of the lesser offense of fourth degree assault. Ozuna argues the application of the doctrine of transferred intent in this case was in error because it interfered with her constitutional right to present a defense. But her argument is circular, and fails to grasp that she only has the right to present a defense that is supported by the law and the evidence.

## CONCLUSION

The judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Murphy, J.

WE CONCUR:

Fearing, J.

Cooney, J.